## Richmond.

MCARTER v. GRIGSBY.

DECEMBER 1st, 1887.

Absent, Lewis, P.

1. APPELLATE COURT—*Bill of exceptions—Facts—Evidence.*—Upon an appeal from refusal of trial court to set aside the verdict and grant a new trial, the facts proved must be presented to this court by a bill of exceptions, which states that those facts are *all* the facts. And when the evidence, and not the facts, is certified, it must appear from the bill of exceptions either by direct statement, or by clear inference, that the evidence presented is *all* the evidence; else, this court cannot know upon what the lower court based its action, and the judgment appealed from must be presumed to be right.
2. IDEM—*Circuit Court—County Court.*—When circuit court on appeal from judgment of county court, reverses it, but files no opinion, and when on appeal from judgment of circuit court to this court, there is no argument here for the defendant in error, the case must be considered here upon the record as made in the county court, and the judgment of that court must be presumed to be right, unless error be apparent on the record, or appear from a bill of exceptions properly taken.

Error to judgment of circuit court of Loudoun county, rendered January 31st, 1884, reversing on writ of error the judgment of the county court of said county rendered April 11th, 1883, in favor of the plaintiff, in an action of ejectment wherein the plaintiff in error, James McArter, was plaintiff, and Bushrod Grigsby, the defendant in error, was defendant. Opinion states the case.

*E. Nichols* and *Joseph Christian,* for the plaintiff in error.

No counsel appeared for the defendant in error.

LACY, J., delivered the opinion of the court.

In September, 1882, the plaintiff in error instituted an action of ejectment against the defendant, in the county court of Loudoun county, to recover the tract of land in controversy. At the April term of said court, 1883, the action was tried, and a verdict rendered for the plaintiff in the action for the tract of land in controversy. The defendant moved the court to set aside the said verdict, and grant him a new trial. The ground upon which this motion is based, is not stated in the record, but it was overruled by the court, and judgment rendered upon the said verdict. Whereupon the defendant excepted, and the evidence is certified by the court, but there is no certificate that the bill of exceptions contained all the evidence; the bill of exceptions setting forth that certain evidence was offered on the part of the plaintiff, and certain other evidence on the part of the defendant. Whereupon the defendant applied for and obtained a writ of error to the circuit court of said county. Upon the hearing in the circuit court the judgment of the county court was reversed, by order entered therein. The plaintiff in error thereupon brought the case here by writ of error. There was no opinion filed by the circuit court, and there is no argument in this court by the counsel for the defendant in error; and the case must be considered here upon the record as made in the county court. The judgment of that court must be presumed to be right, unless there be error apparent upon the record, or unless error is made to appear thereto by exception duly taken.

In a case like this, where a jury has heard the evidence and rendered a verdict, it is well settled, says Mr. Barton, (L. Pr. 219,) that the bill of exceptions must state the facts proven,

and must also state that these are all the facts. If the exceptions be to the refusal to grant a new trial, when the ground of the application is that the verdict is contrary to the evidence, the facts, and all the facts, should be stated in the bill. And yet, in such a case, (especially when the evidence is conflicting,) the cause may be heard in the appellate court upon a bill of exceptions which states the evidence, and not the facts; but then the court will reject all the parol evidence of the exceptant, and give full faith and credit to all the evidence of his adversary, and will not reverse the judgment unless it there appears to be wrong. *Id.*, 220. Judge Tucker says, (2 Tuck. Comm., 293): "As the decision of the court below is presumed to be right, unless the contrary appears, the bill of exceptions should omit nothing which is necessary to show conclusively that it has erred. Where the exception is taken to the opinion of the court refusing a new trial, which was moved for on the ground that the verdict was against evidence, the facts appearing to the court to be proved, and not the evidence of those facts, should be stated. It should, however, *appear upon the bill of exceptions that the facts were all that were proved in the cause.*" *Id.*, 294. The whole object of a bill of exceptions is to exhibit upon the record the supposed mistakes of the court which tries the cause, which otherwise do not appear upon the record, and cannot be brought before an appellate court to be there reviewed, and corrected, if erroneous. 4 Minor's Inst., 728–9. The appellate court cannot review the action of the lower court in overruling a motion to set aside the verdict, and grant a new trial, unless the ground upon which the motion is based appear, and the error in the court's action be made manifest by the record, which can only be done by a proper bill of exceptions, setting forth the said error.

Here, we have the motion made and overruled. This may or may not have been erroneous. The bill of exceptions states that the "following was put in evidence by the plaintiff, and

that the plaintiff proved other stated facts;" and "defendant, in his behalf, offered in evidence;" and that "the defendant introduced a witness, who testified," etc. This is a certificate of evidence, although, in some respects, it certifies that certain facts are proved. But it does not appear in any way, either by direct statement or any clear inference, that this was all the evidence. If we do not know all the evidence which was offered, nor all the facts proved in the lower court, upon what basis can we rest a judgment that the action of the court was erroneous, or indeed otherwise, when the motion for a new trial was overruled? We can only say that no error appears in the record; and the action of the court below, upon old and well-established principles, must be presumed to be right. This is the principle upon which the circuit court should have acted, and this is the conclusion which that court ought to have reached upon this record; and it was error in that court to reverse the judgment of the county court aforesaid.

The judgment of the said circuit court herein will therefore be reversed, and the judgment of the county court affirmed.

Judgment of circuit court reversed and judgment of county court affirmed.