# Wytheville.

ADAMS & ALS V. HAYS & ALS.

June 13th, 1889.

1. VERDICTS—*Defective certificate—Presumption.*—Where all the evidence is not certified, this court will presume that there was some testimony not set out which justified the verdict, especially when it has been approved by the trial judge.

2. IDEM—*Motion for new trial—Evidence certified—Case at bar.*—Plaintiff sold defendant's brick at an agreed price per 1,000, "kiln count." For former it was testified that "kiln count" meant an estimated count of the brick while in the kiln. For the latter, that an actual count of the brick from the kiln was meant. HELD: Under Code 1887, § 3484, prescribing as the rule of decision, the rule as upon a demurrer to evidence, "kill count" must be construed to mean a count by estimation while the brick were in the kiln.

Error to judgment of hustings court of Roanoke city, rendered in an action of *assumpsit* wherein Hays & Angell were plaintiffs, and Adams Bros. & Payne were defendants. The verdict and judgment being for the plaintiffs, the defendants brought the case here on writ of error. Opinion states the case.

*Miller & Smith*, for the plaintiffs in error.

*Penn & Cocke*, for the defendants in error.

HINTON, J., delivered the opinion of the court.

This is an action of *assumpsit* brought by Hays & Angell to recover of Adams Bros. & Payne the sum of $745 83, for

several hundred thousand brick made and furnished the defen-
dants by the plaintiffs. The case was submitted to the jury
without instructions being asked on either side, and they
returned a verdict for $585 00, that being $160 83 less than
the amount claimed in the plaintiffs' declaration.

Thereupon the defendants moved the court to set aside the
verdict and grant them a new trial; which the court refused to
do. And this action of the court constitutes the only assign-
ment of error in this court, the preliminary objections made
in the lower court having been expressly withdrawn in this
court.

The case, therefore, comes before us under the rule prescribed
by the Code (see Va. Code, 1887, § 3484, p. 829,) as upon a
demurrer to evidence. In such case the demurrant is regarded
as waiving all of his evidence in conflict with that of the
demurree, admitting the evidence of the demurree and all rea-
sonable inferences to be drawn therefrom, and as being entitled
to only such evidence of his own as is not in conflict with that
of the demurree and such inferences as necessarily flow there-
from. *Va. & Tenn. R. R.* v. *Trout,* 23 Gratt., 619; *Creekmur*
v. *Creekmur,* 75 Va., 432. Viewing this case in the light of
this fixed rule of practice, it is perfectly apparent, from an
inspection of the record, that the contention of the plaintiffs
in error cannot be maintained.

By the terms of the contract, which was oral, the brick
were to be manufactured for Adams Bros. & Payne at the
rate of $4 50 per 1,000, "kiln count." As to measuring, of
these words there is a conflict of testimony, the witnesses for
the plaintiffs below testifying that, as between the manufacturer
or maker of the brick and a dealer in brick, it means "the
number of brick in the kiln, estimated by counting the head-
ers and stretchers of the middle course, and then counting the
number of courses and multiplying them together, deducting
for the eyes;" whilst the witnesses for the defendants testified
that the meaning of these words is, "an actual count of brick

from the kilns into wagons or other vehicles for transportation." That the estimate of the number of brick furnished Adams Bros. & Payne will be increased or diminished according as one or the other of these methods of counting shall be adopted, seems perfectly obvious. But the advantage, under the rule in regard to a demurrer to evidence, just stated, is all with the plaintiffs below in this court. For applying that rule, and rejecting the statements of the defendants' witnesses on this point, it is clear that the term "kiln count," as used in this contract, must be construed to mean a count by estimation while the brick are in the kiln; and so construing it, the claim of the plaintiffs that 337,000 were furnished the defendants at $4 50 per thousand, as claimed in the first item of their bill of particulars, is fully established; for the witness, Robert Angell, distinctly testifies that "the several kilns are charged in the account filed with the declaration." That this was the construction given to the contract by the jury cannot be doubted; for, in addition to the fact that several witnesses deposed that such was the meaning given to the phrase "kiln count," when used between a brick manufacturer and a dealer in brick, it also distinctly appears from the testimony of at least one witness (Paris) that he had previously settled with Brumbaugh, agent for Adams Bros. & Payne, for brick sold them by this method of counting; and from the testimony of other witnesses, that this same Brumbaugh had been seen with Hays making an estimate of the kilns before the brick were removed, testimony of a character that could not fail to have impressed the jury. This leaves but three items of the plaintiffs' bill of particulars challenged—namely, the seventh, ninth, and tenth; for as to the other items they are all admitted by J. G. Payne, himself, one of the defendants.

The next item of difference is as to an amount of $60, paid a hand at the rate of $1 per day, for loading the brick in the vehicles for transportation, which the plaintiffs in error seek by some sort of a mathematical calculation to reduce to $33 70.

But we do not think this can be done. One dollar a day was doubtless regarded by the jury as simply a just and reasonable compensation for the service rendered by this hand, and we see no reason for disagreeing with them in this particular, even if it could be shown, as it has not, that the loading might have been completed in a shorter time if every wagon had been on hand to the minute, and each detail of the work had been carried out with absolute accuracy and without the loss of a second of time.

The objection to the ninth item of the plaintiffs' account is also untenable. It is a charge of $302 50 for 55,000 brick at $5 50 per thousand. As to this charge the witness (Angell) testifies that these brick were from a kiln burned by the plaintiffs for the defendants under a special contract made after the fifth kiln had been burned; and the price paid ($5 50) being in excess of that charged for the first three kilns, gives some countenance to the idea, suggested in the record, that the price is greater when the brick are furnished otherwise than by the kiln.

As to the last disputed item, the tenth, in the account, for 50,000 brick left in the yard, we think the jury might well have found for the plaintiffs. It was the estimate of men engaged in the brick business, who were accustomed to make such estimates, but who had no right, after their contract relations had ceased, to go upon the premises for making a count. But even if there has been some trifling error in making this estimate, and, perhaps, in making some others, we feel satisfied that the plaintiffs in error have been fully compensated for such errors by the action of the jury in reducing the account of the plaintiffs by the sum of $160 83. Indeed, the inference is not unreasonable that the jury took these discrepancies in the estimates made of some of the smaller items in the account and made the above-mentioned deduction expressly to cover them.

But if the case were not so clearly with the defendants in

Opinion.

error upon the proofs, we would still be compelled to reach the same conclusion as to the result; for, as *all* the evidence is not set out, we are without a basis upon which to render a judgment of reversal. Indeed, we must presume there was some testimony, not set out in the record, which justified the verdict of the jury; the more especially as the verdict has been approved by the trial judge. *McArter* v. *Grigsby*, 84 Va., 159; *Washington & W. O. Tel. Co.* v. *Hobson*, 15 Gratt., 149.

After a careful examination of the case, we see no reason for questioning the judgment of the hustings court of Roanoke city, and it must be affirmed.

JUDGMENT AFFIRMED.