## Richmond.

## BYRD V. COMMONWEALTH.

March 13, 1919.

1. BREACH OF THE PEACE—*Libel and Slander—Insulting Language—
Section 3780-a, Code of 1904.*—In order to constitute an of-
fense under section 3780-a, Code of 1904, as amended by Acts
of 1910, p. 18, 3 Pollard's Supp., section 3780-a, the insulting
words need not be used in the presence of some third person as
well as in the presence of the person to or about whom they
were spoken. The expression "such person," in the act, re-
fers to the person "in the presence or hearing of" whom the
insult is offered; and the offense is complete whenever insult-
ing language is spoken to or about another, or about his fe-
male relations, in his presence and under circumstances reason-
ably calculated to provoke a breach of the peace, regardless of
the presence or absence of third persons.

2. STATUTES—*Construction—Title.*—In determining the meaning of
a statute, it is proper to refer to the title of the act.

3. BREACH OF THE PEACE—*Libel and Slander—Insulting Language—
Section 3780-a, Code of 1904—Variance.*—Defendant was tried
by a justice of the peace upon a warrant charging that he
"did on various times in June, 1918, unlawfully slander and
abuse Mrs. M. J. Connelly by using vulgar and obscene lan-
guage to and about her." On appeal to the corporation court,
the warrant was amended by adding, after the words quoted,
the words "in the presence of her husband, under circumstances
reasonably calculated to produce a breach of the peace." The
only evidence offered to sustain the warrant showed that de-
fendant had made derogatory and insulting remarks about
Mrs. Connelly to her husband, but not in her presence. This
evidence was objected to on the ground that it did not tend
to prove the offense charged in the warrant, which, as con-
tended by defendant, was the use of insulting words *to Mrs.
Connelly* in the presence of her husband. This objection was
overruled.

*Held:* No error, as the only objection made to the form of the
warrant was met by the amendment indicated.

4. BREACH OF THE PEACE—*Libel and Slander—Insulting Language—
Section 3780-a, Code of 1904—Justification.*—In a prosecution

115

under section 3780-a, Code of 1904, as amended by Acts of 1910, p. 18, 3 Pollard's Supp., section 3780-a, defendant offered to prove that the offensive words spoken by him were true, and upon the Commonwealth's objection, the court refused to admit this evidence.

*Held:* That the evidence was not admissible in bar of the prosecution, but was admissible in mitigation of the punishment, and as the evidence was admissible for some, even though not for all, purposes the objection ought to have been overruled.

5. APPEAL AND ERROR—*Harmless Error—Rejection of Evidence.*—In a prosecution under section 3780-a, Code of 1904, as amended by Acts of 1910, p. 18, 3 Pollard's Supp., section 3780-a, it was contended that as the fine was comparatively small, error in rejecting evidence of the truth of the insulting words used by defendant in mitigation of the punishment should not be regarded as prejudicial. But as the amount of the fine imposed was materially larger than the minimum fixed by the statute, the Supreme Court of Appeals could not say that the error was harmless.

6. BREACH OF THE PEACE—*Libel and Slander—Insulting Language—Section 3780-a, Code of 1904—Evidence of Truth of Charge.*—While in many cases, as in the case at bar, the insulting words spoken to or in the presence of another about his female relations, may be of such a character as that their truth would not be accorded very much, if any, weight in mitigation of the offense; yet, by analogy to the rule in civil actions for defamation (Code 1904, sec. 3375 and cases cited), and in accordance with the safe and proper general practice, such evidence, when offered, should be received for what it is worth as an aid in fixing the punishment.

7. BREACH OF THE PEACE—*Libel and Slander—Insulting Language—Section 3780-a, Code of 1904—Venue.*—In a prosecution under section 3780-a, Code of 1904, as amended by Acts of 1910, p. 18, 3 Pollard's Supp., section 3780-a, the Commonwealth is bound to establish the venue, and that, regardless of instructions, if there was no proof at all as to where the offense was committed, the verdict should have been set aside and a new trial awarded.

8. VENUE—*Failure to Prove—Prosecution Under Section 3780-a, Code of 1904.*—The failure clearly to prove venue is usually due to inadvertence, flowing naturally from the familiarity of court, counsel, witnesses and jurors with the locality of the crime; and appellate courts will generally and properly lay hold of and accept as sufficient any evidence in the case, direct or otherwise, from which the fact may be reasonably inferred. In the instant case, however, there is nothing in the evidence

before the Supreme Court of Appeals upon which to base even a surmise as to where the insulting words were spoken. Nor is there any reason to regard the question as lacking in substantial merit. The record discloses that the defendant raised the point and seriously relied upon it before the case went to the jury.

9. APPEAL AND ERROR—*Instructions—Bill of Exceptions—Showing Instructions—Venue.*—Where there is no bill of exceptions showing all the instructions given or all of the evidence introduced, the Supreme Court of Appeals presumes that the rejected instruction was covered by some other one given in the case, and, likewise, it will be presumed that there was evidence not certified as a part of the record which showed that the offense was committed within the jurisdiction of the court.

10. BILL OF EXCEPTIONS—*Construction—All The Evidence and Instructions.*—The trial court certified in a bill of exceptions that "the following evidence was introduced by the Commonwealth to maintain the issue," and then set out evidence which when taken in the light of the other bills, could not have reasonably been intended by the court as anything but a certificate of all the evidence in the case, and followed this, in the same bill, by the statement that "the court instructed the jury as follows, "setting out a single instruction which plainly purported to apply to the evidence as a whole."

*Held:* That this bill of exceptions, the final one in the record, was purposeless and meaningless except in one embracing all the evidence and all the instructions.

Error to a judgment of the Corporation Court of city of Hopewell.

*Reversed.*

The opinion states the case.

*W. L. Devaney, Jr.,* for the plaintiff in error.

*Jno. R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *F. B. Richardson,* for the Commonwealth.

KELLY, J., delivered the opinion of the court.

This is a prosecution for an alleged violation of section 3780-a of the Code, which is as follows: "If any person shall, in the presence or hearing of another, curse or abuse such person, or use any violently abusive language to such person concerning himself or any of his female relations, under circumstances reasonably calculated to provoke a breach of the peace, he shall be deemed guilty of a misdemeanor, and on conviction shall be fined in any sum not less than two dollars and fifty cents nor more than five hundred dollars, in the discretion of the justice trying the case." (Acts 1910, p. 18.)

[1, 2] It is necessary in the outset to construe this statute. The defendant contends that in order to constitute an offense thereunder, the insulting words must be used in the presence of some third person as well as in the presence of the person to or about whom they are spoken. The statute is possibly not entirely clear in this respect, and the construction contended for finds support in the obvious fact that as a rule the presence of third persons adds aggravation to direct personal insults. To adopt this view, however, it would be necessary to read into the statute some additional expression with which to connect the words "such person." Taking the language as a whole, and considering the subject matter and reason of the enactment, we are of opinion that the contrary view, advocated by the Commonwealth, is correct. In other words, the expression, "such person," refers to the person "in the presence or hearing of" whom the insult is offered; and the offense is complete whenever insulting language is spoken to or about another, or about his female relations, in his presence and under circumstances reasonably calculated to provoke a breach of the peace, regardless of the presence or absence of third persons. The title of the act, to which we may properly refer in determining its meaning (36 Cyc. 1133; *C. & O. Ry. Co.* v. *Pew,* 109 Va. 288, 293, 64 S. E. 35), de-

clares its purpose to be "to punish a person for using abusive language to another" without any reference whatever to the presence of third persons. Similar statutes in other States plainly omit any requirement of the presence of others than the person insulted as an element of the offense. See, for example, *Moore* v. *State*, 50 Ark. 26, 6 S. E. 17; *Watkins* v. *State* (Tex. cr. app.), 44 S. W. 507; *Dyer* v. *State*, 99 Ga. 20, 25 S. E. 609, 59 Am. St. Rep. 228.

[3] The defendant, R. J. Byrd, was tried by a justice of the peace in the city of Hopewell, and fined $25.00 upon a warrant charging that, in said city, he "did, on various times in June, 1918, unlawfully slander and abuse Mrs. M. J. Connelly by using vulgar and obscene language to and about her." On appeal to the corporation court, the warrant was amended, on defendant's motion, by adding, after the words last quoted, the words "in the presence of her husband, under circumstances reasonably calculated to produce a breach of the peace." In a jury trial which followed, he was again found guilty and sentenced to pay a fine of twenty-five dollars. It is this sentence which is now under review.

The only evidence offered to sustain the warrant showed that Byrd had made derogatory and insulting remarks about Mrs. Connelly to her husband, but not in her presence. Whether any person, except Byrd and Connelly, was present, does not appear.

This evidence was objected to on the ground that it did not tend to prove the offense charged in the warrant, which, as contended by the defendant, was the use of insulting words *to Mrs. Connelly* in the presence of her husband. The action of the court in overruling this objection is the subject of the first assignment of error.

The court was right. The only objection made to the form of the warrant was met by the amendment already indicated. As thus amended, while it was imperfectly

phrased, the warrant was sufficient in substance to charge that the defendant had used abusive language about Mrs. Connelly in the presence of her husband under circumstances reasonably calculated to provoke a breach of the peace.

It was further urged, upon the hearing in this court, that the evidence was inadmissible, even if it did tend to prove the charge in the warrant as amended, because no third person was shown to have been present. This argument is disposed of by the construction which we have placed upon the statute.

[4] During the course of the trial, the defendant offered to prove that the offensive words spoken by him to Connelly about the latter's wife were true. The court, upon the Commonwealth's objection, refused to admit this evidence, and its action in that regard is assigned as error.

Counsel for defendant concedes, and it is clear upon reason and authority, that the evidence was not admissible in bar of the prosecution (*Dyer* v. *State, supra;* 8 R. C. L., p. 286, sec. 307) ; but the contention here is that the defendant ought to have been allowed to prove the truth of the defamatory words in mitigation of the punishment. For this latter purpose, the evidence was proper, and should have been admitted. The objection seems to have been general in its form, and as the evidence was admissible for some, even though not for all, purposes the objection ought to have been overruled. *Washington R. Co.* v. *Trimyer,* 110 Va. 556, 860, 67 S. E. 531.

[5, 6] We do not understand that the Commonwealth controverts the admissibility of the evidence in question for the purpose indicated. Its contention is that, as the fine was comparatively small, the error should not be regarded as prejudicial. The amount of the fine is materially larger than the minimum fixed by the statute, and we cannot say that the error was harmless. It is probably

true that in many cases, as in this particular case, the insulting words spoken to or in the presence of another about his female relations, may be of such a character as that their truth would not be accorded very much, if any, weight in mitigation of the offense; but by analogy to the rule in civil action for defamation (Code, sec. 3375, and cases cited), and in accordance with what we regard a safe and proper general practice, such evidence, when offered, should be received for what it is worth as an aid in fixing the punishment.

The only remaining assignments of error requiring any particular discussion may be dealt with jointly. They relate to: (1) the refusal of the court to instruct the jury that the Commonwealth had to prove that the alleged offense was committed within the local jurisdiction of the court, and (2) the denial of the motion for a new trial because of a total failure of proof on that point.

[7, 8]   It will be conceded that the Commonwealth was bound to establish the venue, and that, regardless of instructions, if there was no proof at all as to where the offense was committed, the verdict should have been set aside and a new trial awarded. *Fitch's Case,* 92 Va. 824, 827, 24 S. E. 272.

The failure clearly to prove venue is usually due to inadvertence, flowing naturally from the familiarity of court, counsel, witnesses and jurors with the locality of the crime; and appellate courts will generally and properly lay hold of and accept as sufficient any evidence in the case, direct or otherwise, from which the fact may be reasonably inferred. In this case, however, there is nothing in the evidence before us upon which to base even a surmise as to where the insulting words were spoken. Nor is there any reason to regard the question as lacking in substantial merit. The record discloses that the defendant raised the

point and seriously relied upon it before the case went to the jury.

[9, 10]   To meet this situation, it is contended on behalf of the Commonwealth, that there is no bill of exceptions showing all the instructions given or all of the evidence introduced, and that, therefore, this court must presume that the rejected instruction was covered by some other one given in the case, and, likewise, that there was evidence not certified as a part of the record which showed that the offense was committed within the jurisdiction of the court.   If the assumption on which this argument is based were correct, the conclusion contended for would follow.   *McArter* v. *Grigsby,* 84 Va. 159, 4 S. E. 369; 4 Min. Inst. (3d ed.) 1080; Burks' Pl. & Pr., p. 518, sec. 289-a; *Teter* v. *Ins. Co.,* 74 W. Va. 344, 82 S. E. 40.

But the defendant's seventh bill of exceptions manifestly contains the whole of the evidence, and also shows that the one and only instruction given did not relate to the venue.   The court certifies therein that "the following evidence was introduced by the Commonwealth to maintain the issue," and then sets out evidence which, when taken in the light of the other bills, could not have reasonably been intended by the court as anything but a certificate of all the evidence in the case.   This is followed, in the same bill, by the statement that "the court instructed the jury as follows," setting out a single instruction which plainly purported to apply to the evidence as a whole.   This bill of exceptions, the final one in the record, is purposeless and meaningless except in one embracing all the evidence and all the instructions.

In principle, we have here the same situation and must apply the same rule as this court applied in *Manchester Loan Association* v. *Porter,* 106 Va. 528, 533, 56 S. E. 337, 338. where Judge Buchanan said:   "It is quite true, as argued, that the bill should state, or it should appear by

clear inference, that the evidence which is certified is all the evidence; otherwise, the appellate court will not know upon what the lower court based its action, and its judgment on the evidence will be presumed to be right. *McArter* v. *Grigsby,* 84 Va. 159, 4 S. E. 369, and authorities cited. When a court certifies that *the evidence* introduced on the trial was as follows, and sets it forth without anything in the record to show, as in this case, that it was not all the evidence, it is not only a clear, but a necessary inference that it was all the evidence introduced."

It follows that there was plain and vital error in denying the motion for a new trial.

There were two other assignments of error, but they were not sound, resting upon the fallacious theory that proof of insulting words spoken to Connelly about his wife, but not in her presence, or in the presence of a third party, did not constitute any offense either as charged in the warrant or as chargeable under the statute. The effect of the warrant and of the statute in this regard has already been sufficiently discussed.

For the errors above pointed out, the judgment will be reversed and the cause remanded for a new trial to be had not in conflict with the views herein expressed.

*Reversed.*