## Wytheville.

### N. E. COLBERT v. M. W. CALLAHAM & SONS.

June 15, 1922.

1. EXCEPTIONS, BILL OF—*Certification of Evidence—Assignment of Error that Damages were Grossly Inadequate—Case at Bar.*— In an action for damages, plaintiff moved to set aside the verdict on the ground that the damages allowed were grossly inadequate, and presented a bill of exceptions which did not certify all the evidence adduced by the parties, but only the evidence relating to the quantum of damages. Defendant moved to dismiss the writ of error on the ground that no proper bill of exceptions had been signed.

   *Held:* That, under section 6339, Code of 1919, a motion to dismiss must be sustained.

2. EXCEPTIONS, BILL OF—*Certification of Evidence—Assignment of Error that Damages were Grossly Inadequate—Case at Bar.*— Plaintiff, in an action for damages, asked for a writ of error on the ground that the damages allowed were grossly inadequate. The bill of exceptions did not certify all the evidence, but only that relating to the quantum of damages. As defendants did not assign error or ask for any relief, plaintiff argued that they were concluded upon the question of their liability, and argued that the only evidence necessary before the Supreme Court of Appeals under Section 6339 of the Code of 1919 was that relating to the adequacy of the damages.

   *Held:* That plaintiff's position could not be sustained as it might be that the jury awarded only nominal damages because they could not agree that the plaintiff was entitled to recover, and that in substance and effect it might be that the verdict was a mere compromise of the different views of the jury for the purpose of ending the litigation.

3. APPEAL AND ERROR—*Exceptions, Bill of—Facts not Before the Appellate Court—Presumption that Trial Court Committed no Error.*—He who alleges error in the judgment of a trial court should come prepared to show it by the record, and this he can rarely do unless he places the facts before the Supreme Court of Appeals substantially as they appeared at the trial, because unless affirmatively shown there is a presumption that the trial court committed no error.

4. APPEAL AND ERROR—*Exceptions, Bill of—Entire Evidence not Certified.*—In the instant case, where plaintiff sought to have a verdict set aside as inadequate, where the entire evidence upon which the verdict and judgment was based was not certified, the Supreme Court of Appeals was unable to determine whether or not there was error, as it did not appear from the incomplete record that the plaintiff was entitled to recover anything.

5. EXCEPTIONS, BILL OF—*Certification of all the Evidence—Presumption in Favor of Judgment of Trial Court.*—The general rule is that a bill of exceptions must either state or show by clear inference that the evidence which is certified is all of the evidence, otherwise the appellate court will not know upon what grounds the trial court based its judgment, and hence the judgment will be presumed to be right.

6. APPEAL AND ERROR—*Exceptions, Bill of—New Trial—All the Evidence not Before the Appellate Court—Question of Damages—Nominal Damages.*—There are many precedents for the view that where the evidence is not all before the appellate court, a new trial will not be granted on the sole question of damages, as well as for the proposition that unless it appears affirmatively that the plaintiff is entitled to recover substantial damages, a verdict for nominal damages will not be set aside but will be treated as in the nature of a verdict for the defendant.

Error to a judgment of the Circuit Court of the city of Lynchburg in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Plaintiff assigns error.

*Writ dismissed as improvidently awarded.*

The opinion states the case.

*John D. Easly* and *E. Thurman Boyd,* for the plaintiff in error.

*Caskie & Caskie,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The plaintiff in error instituted his action against M. W.

Callaham & Sons, a copartnership, alleging that he had suffered serious personal injury through the negligence of the defendants, growing out of a collision with a motor truck of the defendants while the plaintiff was riding a motorcycle. The defendants denied their own negligence and pleaded the contributory negligence of the plaintiff. There was a jury trial upon the issues thus raised, and a verdict in favor of the plaintiff for $50.

[1] The only error assigned is that the damages are grossly inadequate.

The defendants moved to dismiss the writ of error as improvidently awarded upon several grounds. One of these grounds is that no proper bill of exceptions has been signed.

It appears that the defendants made no motion to set aside the verdict, while the plaintiff moved to set aside so much of the verdict as fixed the amount of the damages, and to award him a new trial upon the sole issue of the quantum of his damages. This motion was overruled by the court, and thereupon the defendant presented a bill of exceptions which does not certify all of the evidence adduced by the parties upon the issues raised by the pleadings, but only certifies the evidence relating to the quantum of damages.

The statute, Code 1919, section 6339, provides that, with the petition for a writ of error, "there shall be a transcript of the record of so much of the case wherein the judgment, decree, or order, is as will enable the court, or judge thereof in vacation, to whom the petition is to be presented, properly to decide on such petition, and enable the court, if the petition be granted, properly to decide the questions that may arise before it." So that the motion to dismiss the writ must be sustained if this statute has not been complied with, and it has not been complied with unless enough of the evidence is certified to enable this court properly to decide the questions arising.

[2] The defendants are not here assigning any error or

asking any relief, and the plaintiff argues therefrom that they are concluded upon the question of their liability, and hence that the only evidence necessary before this court is that relating to the inadequacy of the damages. This proposition may appear to be logical, but a closer examination and reference to the authorities will show that it is not. It may be that the reason the jury awarded only nominal damages was because they could not agree that the plaintiff was entitled to recover, and that, in substance and effect, it was a mere compromise of their differing views made by the jury for the purpose of ending the litigation. Juries frequently regard realities as more important than logic, and courts may sometimes wisely follow their good example in this respect. That the defendants did not move to set aside the verdict is easily understood, if they construed it to be a vindication of their defenses to the action, and determined that, although they maintained that they were not responsible for the plaintiff's injury, inasmuch as a new trial would cost more than the amount of the verdict, they would accept the result as a substantial victory.

[3] He who alleges error in the judgment of a trial court should come prepared to show it by the record, and this he can rarely do unless he places the facts before this court substantially as they appeared at the trial, because unless affirmatively shown, there is a presumption that the trial court committed no error.

[4, 5] So, in this case, without the entire evidence upon which the verdict and judgment were based, we are unable to determine whether or not there was error, for it does not appear from the incomplete record before us that the plaintiff was entitled to recover anything. That the general rule is that a bill of exceptions must either state or show by clear inference that the evidence which is certified is all of the evidence, because otherwise this court will not know upon what grounds a trial court based its judgment, and hence

that it will be presumed to be right, is assumed in *Manchester Loan Asso.* v. *Porter*, 106 Va. 533, 56 S. E. 337, citing *McArter* v. *Grigsby*, 84 Va. 159, 4 S. E. 369.

[6] There are many precedents for the view that where the evidence is not all before the appellate court, a new trial will not be granted on the sole question of damages, as well as for the proposition that unless it appears affirmatively that the plaintiff is entitled to recover substantial damages, a verdict for nominal damages will not be set aside, but will be treated as in the nature of a verdict for the defendant. *McNeil* v. *Lyons*, 20 R. I. 672, 40 Atl. 831, 8 Am. & Eng. Ann. Cas. 906, note; *Olek* v. *Fern Rock Woolen Mills* (C. C.), 180 Fed. 117; *Doody* v. *Boston, etc., R. Co.*, 77 N. H. 161, 89 Atl. 487, Ann. Cas. 1914C 850, note; *Simmons* v. *Fish*, 210 Mass. 563, 97 N. E. 102, Ann. Cas. 1912D 588, 8 R. C. L. 682, 20 R. C. L. 285.

We do not think it necessary to discuss the other interesting questions referred to in the briefs. Our conclusion is that the record does not disclose all of the evidence upon which the jury and the trial court acted, and hence that the writ was improvidently awarded because from the facts which do appear the verdict must be construed to be in favor of the defendant.

*Writ dismissed as improvidently awarded.*