# Wytheville

W. W. CARR V. COMMONWEALTH OF VIRGINIA.

June 10, 1940.

Record No. 2265.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*E. L. Beale, James Vaughan Beale* and *Marshall Andrews,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

W. W. Carr was charged in two indictments with violating the provisions of Code, sec. 4149 (44), in that he, knowing that he had no money on deposit in a designated bank, drew and uttered two checks thereon with intent to defraud J. D. Ward of $929.63. He was tried by the court without a jury, found guilty, and his punishment fixed at two years' confinement in the penitentiary.

The petition for a writ of error and the brief do not comply with Rule XIV (b) of Court, as they do not contain "a brief statement of * * * , the errors assigned, and the questions involved * * * ." This rule should be followed in the preparation of briefs and petitions, but, inasmuch as the Attorney General does not raise this objection, this court will confine its attention to the points raised and discussed in the briefs and oral argument.

The petition and brief refer to five bills of exception signed by the trial judge. One of these exceptions is to the refusal of the trial court to continue the case on the ground that one of the two counsel employed by accused was ill and unable to attend.

The continuance of a case is a matter peculiarly within the discretion of the trial court, and, unless it is plainly apparent that such discretion has been abused, the appellate court will not reverse a judgment on that ground alone. When the case was called for trial in the lower court, it was ascertained that the necessary number of jurors were not available. The accused, over the protest of one of his counsel who was present, personally waived a jury trial

and agreed to submit his case to the court without a jury. Under these circumstances, the absence of one of two counsel employed is not a ground for reversal.

The other four exceptions, to which incidental references are made in the petition, present questions based upon the evidence. The Attorney General, in effect, contends that this court is precluded from considering any of the exceptions because the evidence is not properly certified.

Among the papers certified by the clerk of the trial court as a part of the record is one beginning: "It is agreed between the Commonwealth's Attorney of Isle of Wight County, Virginia, and M. Anderson Maxey, Attorney for J. D. Ward and E. L. Beale, Attorney for W. W. Carr, that the following is the evidence produced at the trial of the above case on August 9, 1939, at the Courthouse of Isle of Wight County, Virginia." Following this paragraph are eight printed pages containing a synopsis of what purports to be the testimony of twelve designated persons. This paper is not signed or otherwise authenticated by the trial judge.

■ The question presented is whether evidence introduced in a trial can be made a part of the record by stipulation of counsel without the certificate of the trial judge.

■ The evidence introduced in a trial was not a part of the record at common law and could not be made so. Code, secs. 6252 and 6253, provide the methods to be followed in the event any litigant desires to make any matter arising in the course of the trial a part of the record. This may be done either by a bill of exception or a certificate of exception signed by the trial judge within the time stated. When so signed, the contents of the bill or certificate of exception must be "forthwith delivered or transmitted to the clerk of the court in which the case is pending." Then, and then only, it becomes "a part of the record of the case."

■ "The evidence produced upon the trial can only be known by its being spread upon the record, by bill of exceptions, or by the certificate of the judge himself. The very object of the institution of bills of exceptions was to

enable a party to spread upon the record the matters that occurred at the trial; the improper evidence introduced, the instructions asked, the opinions given, and other matters of which the party could not otherwise avail himself in an appellate court. I Bac. Abr. 527. 2 Inst. 426. Unless this is done, the court sees nothing but the process, the pleadings, the verdict and the judgment. The certificate of counsel affords no evidence of opinions expressed, or evidence given, nor the certificate of the clerk, of the papers produced before the jury, or the depositions read in the cause." *Bowyer* v. *Chesnut,* 4 Leigh (31 Va.) 1. 4 Min. Inst. 742; *Roanoke Land & Imp. Co.* v. *Karn & Hickson,* 80 Va. 589.

■ In *Virginia Development Co.* v. *Rich Patch Iron Co.,* 98 Va. 700, 706, 37 S. E. 280, 282, Judge Keith, speaking for the court, said: "The signing of bills of exception so as to make them a part of the record is a judicial act, and such a judicial act as the court itself was powerless at common law to perform even during the term at which the judgment was rendered, or at any time. The power of a court to do so, as we have seen, is derived from, and is measured by, the statute, * * * ."

In that case, in accord with the agreement of counsel, the trial judge signed the bills of exceptions after the court had adjourned for the term. There was no question about the correctness of the matters stated in the bills, or the fact that the bills were duly authenticated by the trial judge. No objection was raised to the authentication in the appellate court. Notwithstanding that fact, the court said: "We have been forced to the conclusion that the leave of court to that end, reinforced by consent of parties, cannot confer authority upon the judge in vacation to sign a bill of exceptions and make it a part of the record. Regarding it as a jurisdictional question, we have felt it our duty to examine and decide it, though not presented to us by counsel, and' though in contravention of the agreement among them. The course of procedure is established by law, and it is our duty to see that it is observed, until the Legislature in its wisdom shall see fit to change that course of procedure by statute.

It is not a question of expediency. It is a question of power, and it is with regret that we have reached the conclusion that the bills of exception copied into the record are not properly authenticated, and cannot be considered."

Since the date of the above opinion, the Legislature has extended the time in which the bill or certificate of exceptions may be signed. In *Owen* v. *Owen*, 157 Va. 580, 588, 162 S. E. 46, 49, we held that an agreed statement of facts approved by an order of the trial court, entered after the 60-day period had passed, was not sufficient to make the agreed statement of facts a part of the record. We said: "Both the decisions of this court and the acts of the legislature have emphasized the importance of keeping true records in every court in the manner prescribed by law and the limitation in which any correction can be made."

██ In the case at bar, there are eight pages of printed matter preceded by a paragraph stating that counsel had agreed that the statement contains the evidence introduced. These eight pages do not show when or by what authority they were filed with the papers in the case. They do not appear to have been submitted to the trial judge and approved by him. If counsel, without the proper certification of the trial judge, could add to the record by agreement, they could diminish the record by like agreement. Such procedure would be against established public policy. *Potts* v. *Flippen*, 171 Va. 52, 197 S. E. 422; *Claud* v. *Pulley*, 169 Va. 467, 194 S. E. 670; *Ingle* v. *Com.*, 167 Va. 459, 187 S. E. 431; *Nethers* v. *Nethers*, 160 Va. 335, 168 S. E. 428; *Ross Cutter & Silo Co.* v. *Rutherford*, 157 Va. 674, 161 S. E. 898; *Battershall* v. *Roberts*, 107 Va. 269, 58 S. E. 588; *Kibler* v. *Com.*, 94 Va. 804, 26 S. E. 858; *White* v. *Toncray*, 9 Leigh (36 Va.) 347, 351. After the record has been completed and is on file in the clerk's office of the trial court, counsel may agree on the pertinent parts of it to be certified to this court for purposes of review, but they have no authority to enlarge or diminish a record completed according to the established practice.

Under these circumstances, we are precluded from considering the evidence introduced before the trial court. The decision of the case must be, and is, based on the proper record excluding the stipulations of counsel. However, the evidence set forth in the agreement of counsel is in conflict. The judgment of the trial court on this conflict would be binding upon this court, if it were authorized to review the evidence.

The judgment of the trial court is

*Affirmed.*