## Staunton

NELL E. TYREE, ADM'X, ET AL. V. BLEVINS FUNERAL HOME, ET AL.

September 5, 1940.

Record No. 2249.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*W. H. Jordan,* for the appellants.

*Donald T. Stant* and *Bradley Roberts,* for the appellees.

BROWNING, J., delivered the opinion of the court.

This is a case which involves the propriety of an account for funeral expenses and board bills filed by the claimants against the estate of Joel L. Whitlow, deceased. The matter was before an assistant commissioner of accounts upon the occasion of the settlement of the Administratrix's account. He approved and allowed the items of the account as filed. Exceptions to his report were taken challenging its correctness.

It appears from an able opinion of the trial judge and the decree and its recitals, which were made parts of the record, that the matter was before the court through the medium of an appeal from the report of the commissioner of accounts, otherwise the record is shorn of much that is usually incorporated therein. By its decree the court reduced some of the items constituting the account. We quote from the opinion of the trial judge as follows: "The evidence heard by the commissioner, except for documents and correspondence introduced, was not returned with the report." The case is also before us without the evidence upon which the trial court predicated its decree. All that this court knows about the case is gleaned from the commissioner's report and the accounts filed and the statements contained in the judge's opinion. Not a particle of the testimony is in the record. The absence of the evidence precludes this court from passing upon the serious question of the reasonableness of the undertaker's charges.

One of the appellees moves this court "to dismiss the appeal as improvidently awarded because a correct decision depends upon all the evidence before the trial court, which was not preserved by bill of exception or certificate of evidence; or the trial court must be affirmed for the same reason." The following is taken from the decree: "After

hearing evidence in open court on behalf of the parties present and argument of counsel, the court not being advised, took time to consider."

■ The errors assigned are based upon mere questions of fact. In the absence of any evidence this court has nothing upon which it could base a reversal of the decree even if it were so advised. The presumption is that the decree is right and that there was testimony which justified it.

It was said in the case of *Colbert* v. *Callaham & Sons*, 132 Va. 475, 112 S. E. 756, "He who alleges error in the judgment of a trial court should come prepared to show it by the record, and this he can rarely do unless he places the facts before this court substantially as they appeared at the trial, because unless affirmatively shown, there is presumption that the trial court committed no error."

In *Adams* v. *Hays*, 86 Va. 153, 157, 9 S. E. 1019, 1021, this was said:

"Where all the evidence is not set out, we are without a basis upon which to render a judgment of reversal. Indeed, we must presume that there was some testimony, not set out in the record, which justified the verdict of the jury; the more especially as the verdict has been approved by the trial judge."

■ In the case of *Ross Cutter & Silo Co.* v. *Rutherford*, 157 Va. 674, 684, 161 S. E. 898, 902, is the following:

"In a case such as this, where the correctness of a decree depends wholly upon the evidence before the court, in the absence of all the evidence, the decree appealed from must be affirmed."

See also, *Virginia Home for Incurables* v. *Coleman*, 164 Va. 230, 178 S. E. 908; *Lough* v. *Lyon, Inc.*, 168 Va. 136, 190 S. E. 290.

It follows that we affirm the decree appealed from.

*Affirmed.*