## Staunton

BRISTOL MICK OR MACK STORES, INCORPORATED v. CITY OF BRISTOL AND BANK OF MARION.

September 9, 1942.

Record No. 2474.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Eggleston, JJ.

The opinion states the case.

*Henry Roberts* and *Leonard R. Hall*, for the plaintiff in error.

*George M. Warren, H.'E. Widener, Donald T. Stant, Bradley Roberts* and *Floyd H. Roberts*, for the defendants in error.

GREGORY, J., delivered the opinion of the court.

The plaintiff in error was the plaintiff in the court below, and there it proceeded by notice of motion for the benefit of itself and its co-plaintiffs, Lumberman's Mutual Insurance Company and Pennsylvania Lumberman's Mutual Fire Insurance Company, to recover of the defendants damages for the loss of a stock of goods and fixtures, which were in the Burson building in the City of Bristol, Virginia, and destroyed when the city attempted to raze the walls and elevator shaft of the building of the Bank of Marion. These walls and elevator shaft were left standing after that building had been

destroyed by fire. There were a verdict and judgment in the court below in favor of the defendant.

The plaintiff claimed that the damages were sustained as a result of the negligence of the defendants in pursuing an improper method of tearing down the walls and elevator shaft, which, after the fire, constituted an unsafe condition.

It will be unnecessary to make any other reference to the facts or to discuss the case upon the merits. The defendants in error have filed a motion to dismiss the writ of error on the ground that no proper bill of exception, or certificate, was presented to the trial court within the statutory time, making the evidence and the infractions a part of the record. We think the motion is well founded. This, of course, will result in an affirmance of the judgment.

The certificate, which was finally signed by the trial judge on the seventieth day, did not purport to contain all of the evidence which was introduced at the trial. It discloses that five days were consumed in the trial in the lower court; that the parties jointly employed a competent court reporter to take the testimony in shorthand; that if the reporter's notes had been transcribed, they would have made 1000 to 1200 ordinary typewritten pages. The testimony of the reporter discloses that the attorney for the plaintiff in error never requested the reporter to get up the transcript but on April 14, which was only seven days before the sixty day period would expire, plaintiff's attorney requested the reporter to read aloud in the attorney's presence a portion of the testimony; that it would have required at least three weeks to have transcribed all of the testimony, and the cost would have been $450.00 or $500.00. It was conceded that the plaintiff in error was financially able to pay for the transcript but was unwilling to do so. It was shown that if the transcript had been ordered within a reasonable time it could have been promptly secured.

Counsel for plaintiff, after hearing a portion of the testimony read, attempted to make a resumé of the testimony by dictating from memory, in his own language, what he regarded as the substance of the testimony. In this way, he

attempted to prepare the certificate and when it was presented to the court just three days before the expiration of the sixty day period, counsel for defendants objected. They later demonstrated that the statement made by counsel for plaintiff and embraced in the certificate was incorrect. This demonstration was made by having the reporter transcribe certain testimony and, as transcribed, it was compared with the certificate which resulted in showing the certificate to be incorrect.

The reporter further testified that he did not read a large portion of the testimony to counsel for plaintiff from his notes. Thus it is clear that the plaintiff's counsel prepared the certificate from what he heard read by the reporter and from his memory of the testimony which had been given nearly two months before.

Final judgment was entered on February 21, 1941. The purported certificate was tendered the court on April 19, 1941, the sixty day period expiring on April 22, 1941. The attorneys representing the defendants objected to the supposed certificate because it contained a very small portion of the evidence, and not enough to enable the court to correctly decide the case on the merits. On April 21, 1941, another hearing before the court was had. A revised certificate was offered. The attorneys for the defendants objected to the revised certificate because it still did not contain the testimony. These objections were overruled and counsel for plaintiff attempted a further revision of the certificate and presented it to the court on April 22, 1941, the last, or sixtieth day.

The certificate did not contain the evidence and was still unsatisfactory to the court and the attorneys for the defendants. The court, over objection of attorneys for both plaintiff and defendants, reconstructed the certificate, after the sixty day period had expired, to make it comply with the legal requirements. It caused 180 pages to be added to the certificate before the expiration of the seventy days allowed for the judge to sign the certificate, and, on May 2, 1941, the seventieth day, the judge actually signed the reconstructed

certificate. As signed, it is perfectly obvious that it does not contain the testimony that was introduced at the trial. In fact it is apparent that approximately 1000 pages of testimony, if it had been transcribed, is not included.

It is plain that the trial judge made a very serious effort to see that a proper record be made, but the lack of time and the failure of counsel for plaintiff to proceed promptly in the established method to make the record for appeal are responsible for the incomplete and insufficient certificate.

Code, section 6252 (Michie) provides for bills of exception, while section 6253 permits certificates to be made in lieu of bills of exception. The procedure here was by certificate rather than bill of exception. By those statutes a bill of exception or a certificate in lieu thereof must be tendered to the judge within sixty days from the time the final judgment is entered. The judge may sign either the bill or the certificate within seventy days.

■ ■ The statutory requirement that the certificate must be tendered or presented to the judge within the sixty day period has not been met. No proper certificate was presented the judge within the sixty days. In fact, such a certificate has never been tendered. We therefore have a record without any evidence and without the instructions. In this situation the presumption in favor of the correctness of the judgment of the trial court prevails and leads to its affirmance.

■ The duty of preparing proper certificates and bills of exception is imposed upon the appealing party. He must tender them to the court within sixty days. After that time has expired, neither he nor the court has the power to entirely reconstruct the tendered certificate.

■ In Burks' Pleading and Practice, (3rd ed.) sec. 282, the author says that an assignment based on the insufficiency of the evidence "is not entitled to notice, if it does not affirmatively appear that the evidence in the record is the *whole evidence* introduced on the trial, and that is proper, as the verdict should be presumed to be supported by the evidence until the contrary appears. The evidence must be copied into the bill or certificate of exception or else a copy or report of the evidence be authenticated by the judge of the trial court."

█ Here one of the principal assignments is that the verdict is not supported by the evidence, yet we are not permitted to read the evidence, or even a correct narrative of it, to ascertain the fact because the plaintiff failed to present it with the certificate. The verdict is presumed to be sufficiently supported by the evidence.

█ The record must affirmatively show that the certificate or bill of exception was *presented* to the judge within sixty days after final judgment. Burks' Pleading and Practice, (3rd ed.), section 285. See also *Virginia Home for Incurables* v. *Coleman*, 164 Va. 230, 178 S. E. 908. *Carr* v. *Commonwealth*, 175 Va. 608, 9 S. E. (2d) 287, and *Tyree* v. *Blevins Funeral Home*, 176 Va. 213, 10 S. E. (2d) 571.

In *Colbert* v. *Callaham & Sons*, 132 Va. 475, 112 S. E. 756, this court, speaking through Prentis, J., said: "He who alleges error in the judgment of a trial court should come prepared to show it by the record, and this he can rarely do unless he places the facts before this court substantially as they appeared at the trial, because unless affirmatively shown, there is a presumption that the trial court committed no error.

"So, in this case, without the entire evidence upon which the verdict and judgment were based, we are unable to determine whether or not there was error, for it does not appear from the incomplete record before us that the plaintiff was entitled to recover anything. That the general rule is that a bill of exceptions must either state, or show by clear inference, that the evidence which is certified is all of the evidence, because otherwise this court will not know upon what grounds a trial court based its judgment, and hence that it will be presumed to be right, is assumed in *Manchester Loan Assoc.* v. *Porter*, 106 Va. 533, 56 S. E. 337, citing *Mc-Arter* v. *Grigsby*, 84 Va. 159, 4 S. E. 369."

The plaintiff in error, having failed to bring before this court a complete record embracing the evidence introduced in the trial court, in accordance with the statutes, the judgment is presumed to be right and therefore must be affirmed.

*Affirmed.*