**Richmond**

EDWARD S. TWARDY

v.

MERRI LEE TWARDY

No. 1152-89-2

Decided June 9, 1992

652

Counsel

Ronald R. Tweel (Peter McIntosh; Michie, Hamlett, Lowry, Rasmussen & Tweel, P. C., on brief), for appellant.

C. Ridgeway Schuyler, III (Rae H. Ely; Rae H. Ely & Associates, on brief), for appellee.

## ON REHEARING EN BANC

Opinion

**BARROW, J.**—A rehearing *en banc* was granted in this appeal from a decision of a panel in which there was a dissent.[1] The ap-

---

[1] The decision of the panel is unpublished (Record No. 1152-89-2, March 19, 1991).

peal is from a judgment of the trial court requiring the husband to pay the wife an amount he had agreed to pay to satisfy a debt that the wife has since paid in full. We are unable, however, to address the issue fully because a transcript of a hearing before the trial court was not made a part of the record. The transcript is needed to support the wife's contention that the trial court's decision is correct. We hold that, because the husband represented in his notice of appeal that he would file the transcript and failed to do so, the appeal must be dismissed.

At trial, a provision of the parties' separation agreement was at issue. The husband contended that his responsibility under the agreement to pay a second deed of trust was extinguished when the wife refinanced the debts underlying the second and first deeds of trust. The two deeds of trust encumbered the marital residence, which, under the terms of the agreement, the husband had conveyed to the wife. Under the agreement, the husband had agreed "to be responsible for the payment under the second deed of trust encumbering said property, to make payments directly to the lender, and to indemnify and hold wife harmless thereon."[2] After the husband conveyed his interest in the property to the wife, she refinanced both of the debts that were secured by the deeds of trust. Consequently, the debt secured by the second deed of trust for which the husband agreed to be responsible was satisfied. The

---

[2] The provision of the agreement at issue reads as follows:

The Wife agrees to assume the obligations of the first lien indebtedness thereon and to indemnify and to hold the husband harmless thereon. *The Husband agrees to be responsible for the payment under the second deed of trust encumbering said property, to make payments directly to the lender,* and to indemnify and hold Wife harmless thereon, and further agrees that this obligation shall not be dischargeable in bankruptcy.

The foregoing notwithstanding in the event the Wife enters into a bona fide contract with a third party for the sale of said real estate, the Husband shall be entitled to a right of first refusal to purchase property. . . . In the event the Husband exercises his right of first refusal granted herein within the sixty (60) day period, the Wife agrees to allow him to assume the obligations for both the first and second deeds of trust encumbering the property, if no opposition appears from the lenders of said deeds of trust, as partial payment of the purchase price of the property. In the event the Husband declines to exercise his right of first refusal thereunder, the Wife agrees to pay all and satisfy in full the principal balance due and owing under the notes secured by both deeds of trust from the proceeds received by her from the sale of the property, unless the purchasing third party legally assumes the obligation of the first deed of trust, in which case only the second deed of trust must be satisfied in full by the Wife. (Emphasis added).

husband argues that this relieved him of his responsibility to make the payments provided for in the agreement. However, the trial court disagreed and ordered the husband to pay the wife those sums of money that, according to the agreement, were to be paid directly to the lender under the second deed of trust.

The husband appealed, asserting that under the plain language of the agreement, the wife extinguished his liability by satisfying the debt. The wife, on the other hand, contends that evidence presented at an evidentiary hearing before the trial court supported a finding that she refinanced the debt "based on her husband's representations that he would continue to make payments on the debt after the refinancing." The transcript of this hearing was not timely filed with the clerk of the trial court and is not, therefore, a part of the record in this appeal. Rule 5A:8(a); *see also Turner v. Commonwealth*, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).

This court and the Supreme Court have recently addressed the allocation of responsibility for ensuring a complete record. In a decision by a panel, this court observed that "an appellant has the primary responsibility of ensuring that a complete record is furnished to an appellate court so that the errors assigned may be decided properly." *Ferguson v. Commonwealth*, 10 Va. App. 189, 194, 390 S.E.2d 782, 785, *aff'd in part, rev'd in part*, 240 Va. ix, 396 S.E.2d 675 (1990). However, the panel's opinion pointed out that an appellant "should not be required to anticipate [an appellee's] defense to his claim of error and provide the record necessary to support [the appellee's] claim." *Id.* at 194-95, 390 S.E.2d at 785. The opinion recognized that an appellee "also has an obligation to ensure that the record contains the evidence supporting its contention." *Id.* Nevertheless, the panel held that an appellee has the right to rely upon an appellant's statement in its notice of appeal that a transcript will be made a part of the record and that the responsibility for failing to provide the transcript necessarily falls upon the appellant. *Id.*

The panel's opinion discourages unnecessary delay and expense in the preparation of an appellate record. Record preparation is "one of the most time-consuming and expensive aspects of appellate procedure." ABA *Comm. on Standards of Judicial Review, Standards Relating to Appellate Courts* 36 (1977). "Often, the entire transcript of proceedings in the trial court is unnecessary"

and preparing one is "wasteful of both money and time." R. Leflar, *Internal Operating Procedures of Appellate Courts* 17 (1976). Consequently, most court rules permit designation of only portions of the record in an appeal. R. Novak & D. Somerlot, *Delay on Appeal* 106 (1990). The panel's opinion discourages unnecessary record preparation and remains consistent with our rules requiring an appellant to state "whether any transcript or statement of facts, testimony, and other incidents of the case will be filed," Rule 5A:6, and permitting the filing of an abbreviated record, Rule 5A:10(c). These requirements, however, presuppose sufficient communications between the appellant and the appellee to enable the appellee to learn the errors the appellant intends to assign and to arrange for the timely filing of any transcript or statement of facts necessary to support appellee's position.

In reviewing our decision in *Ferguson*, the Supreme Court briefly addressed this issue. In a published order, it affirmed the decision of our court "insofar as it dismisses [the appellant's] appeal for failure to comply with Rule 5A:8." However, it also "reversed and vacated" the judgment of our court "insofar as it requires the [appellee] to file those portions of the record necessary to enable appellate courts to conduct harmless-error review, *see* Code § 8.01-678 (harmless-error review required in *all* cases)." *Ferguson v. Commonwealth*, 240 Va. ix, 396 S.E.2d 675, 675 (1990). This language suggests that an appellant has the responsibility in all cases to provide a complete record, including transcripts of all proceedings.

We need not determine the full implications of the Supreme Court's decision because under the views expressed by this court and the Supreme Court, the husband should have filed a transcript of the hearing in question. Admittedly, the Supreme Court's language in *Ferguson* may be read to require a full transcript of every hearing to be filed in every case. However, our decision does not extend that far, although the dissent incorrectly charges that it does. In deciding this appeal, we need go no further than the holding of our panel in *Ferguson*.

■ An appellee has a right to rely on an appellant's representation in the notice of appeal that a transcript will be made a part of the record. *Ferguson*, 10 Va. App. at 194, 390 S.E.2d at 785. The husband in his notice of appeal represented that "[A] transcript will be filed." The wife had a right to rely on this statement. *See*

*Id.*

The husband contends that we do not need a transcript of the trial court hearing to decide this case. He argues that we may not address the issue of estoppel on appeal because the wife did not plead or otherwise raise the issue in the trial court. Therefore, he contends, this appeal may be decided solely on the basis of the separation agreement without going beyond it. We do not agree. If the issue of estoppel was presented to the trial court, we must go beyond the express provisions of the agreement to determine if the trial court's decision is supported by sufficient evidence to permit a finding of estoppel. However, without a transcript, we cannot determine if estoppel was presented to the trial court or if sufficient evidence supported such a theory. Equitable estoppel need not have been pleaded, and the absence of the transcript prevents us from determining if the issue was otherwise presented to the trial court.

The issue of equitable estoppel was not pleaded, nor should it have been. This is a proceeding for divorce, not an action to enforce the separation agreement. The wife filed a bill of complaint seeking a divorce, spousal support, counsel fees, court costs and other relief. The husband responded with an answer and cross-bill, asserting that the wife was not entitled to support and asking that the separation agreement be incorporated into the final decree. The question of equitable estoppel, therefore, was not in issue until the husband sought to avoid incorporation into the decree of the provision in controversy. No opportunity to plead equitable estoppel was ever presented.

The husband relies on language in an early opinion of the Supreme Court that "mere equitable estoppel constitutes no defense to an action of ejectment . . . and when such defense is set up on the equity side of the court, it must be distinctly charged and clearly proved." *Newport News & Old Point Ry. & Elec. Co. v. Lake*, 101 Va. 334, 344, 43 S.E. 566, 569 (1903). Later, however, the Supreme Court more clearly described when a specific defense needs be pleaded, holding that a defendant was entitled to rely on a specific defense (statute of frauds) even though the defense was not pled where the plaintiff's "notice of motion did not indicate the necessity or propriety of such a plea" and nothing of record suggested "that the statute of frauds would be involved until plaintiff introduced his evidence." *Lawson v. States Constr. Co.*,

193 Va. 513, 521, 69 S.E.2d 450, 455 (1952). Similarly, in this case, until the husband sought to avoid incorporation of the provision relating to payments on the second deed of trust, nothing of record suggested that the issue of estoppel would be involved. The wife, therefore, was entitled to raise the issue even though she had not pled it because the pleadings had not brought it into issue.

Next, the husband contends that the question of estoppel was not raised in the trial court. We are not able, however, to determine if this is so because the transcript of the ore tenus hearing was not made a part of the record. The husband may not rely on his failure to file the transcript, which he represented would be filed, to contend that the record fails to show that this issue was raised at trial.

The husband relies on "the concepts and principles embodied in" our opinion in *Lee v. Lee*, 12 Va. App. 512, 404 S.E.2d 736 (1991) (en banc), to support his assertion that the issue of estoppel was not raised at trial. *Lee* held only that endorsing a decree "seen and objected to" does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court. *Lee*, 12 Va. App. at 516-17, 404 S.E.2d at 738-39. *Lee* dealt with the contemporaneous objection rule embodied in Rule 5A:18. *Lee*, 12 Va. App. at 514, 404 S.E.2d at 737. The contemporaneous objection rule is not applicable to this case because the appellee is not seeking reversal of any part of the trial court's judgment. *Driscoll v. Commonwealth*, 14 Va. App. 449, 451, 417 S.E.2d 312, 313 (1992); *Mason v. Commonwealth*, 7 Va. App. 339, 346, 373 S.E.2d 603, 607 (1988). Therefore, it is immaterial whether the wife actually raised the issue at trial. What is important, however, is whether the facts presented at the evidentiary hearing supported the trial court's decision.

The "right for the wrong reason rule" is also not applicable in this case. This rule permits an appellate court to affirm the judgment of a trial court when it has reached the right result for the wrong reason. *Driscoll v. Commonwealth*, 14 Va. App. at 452, 417 S.E.2d at 313. This rule may not be used if "further factual resolution is needed before the right reason may be assigned to support the trial court's decision." *Id.* at 452, 417 S.E.2d at 314. In this case, the record does not reveal that the trial court gave any reason for its decision, either right or wrong. Furthermore,

the record does not reveal the need for further factual resolution to support the trial court's decision. Thus, we are not confronted with a task of supplying a correct reason for a wrong one in order to affirm a right result.

■ Instead, another rule applies. The trial court's judgment is presumed to be correct, and "the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred." *Justis v. Young*, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961); *see also Lawrence v. Nelson*, 200 Va. 597, 599, 106 S.E.2d 618, 620 (1959); *Mick v. Bristol*, 180 Va. 15, 20, 21 S.E.2d 758, 761 (1942); *Tyree v. Blevins Funeral Home*, 176 Va. 213, 215, 10 S.E.2d 571, 571 (1940).

If evidence was presented at the evidentiary hearing which would support a factual finding that the husband's actions or representations justified the trial court in concluding that the wife was entitled to the judgment, we would be required to affirm it. Without a timely filed transcript of the hearing, we are unable to determine if such evidence was presented. We are not able to peer surreptitiously into a transcript that is not part of the record to satisfy our curiosity. To do so defies the uniform application of our rules. The absence of such a transcript as part of our record was not due to any action or lack of action by the wife. She was entitled to rely upon the assertion by the husband in his notice of appeal that he would file the transcript upon which she would need to rely. Unable to address fully the merits of the appeal, we must grant the motion to dismiss the appeal.

*Dismissed.*

Koontz, C.J., Duff, J., Moon, J., Willis, J., Elder, J., and Bray, J., concurred; Baker, J., concurred in the result.

Coleman, J., concurring.

I concur in the result, but I am unable to join in the majority's holding that we have an insufficient record to decide this case on its merits. Nevertheless, I would affirm the holding of the trial court on the merits for reasons which I expressed more fully in a dissenting opinion filed with the panel's unpublished memorandum opinion in *Twardy v. Twardy* (Record No. 1152-89-2, March 19, 1991). Because the majority does not reach the merits, I need not discuss in detail the basis on which I would affirm. In my view,

the trial court ruled correctly. The husband agreed to indemnify and hold the wife harmless for payment of the second deed of trust. When the wife paid the second deed of trust under a refinancing agreement, the husband was obligated to indemnify her. The trial court's order that the husband pay the wife on a monthly basis the amount she was thereafter required to pay upheld and enforced the indemnification covenant of the agreement.

Benton, J., dissenting.

As a result of today's decision, all attorneys who practice in this Court are put on notice that a full transcript of every hearing held in the trial court must be filed in this Court in every case to protect against a procedural dismissal of the appeal. Such a rule is unnecessary, unduly expensive to the litigants, and ill considered. As this case aptly demonstrates, whenever a transcript is absent, this Court will entertain an appellee's argument that an issue, unsupported in the record, could possibly have been raised at trial. Thus, every appeal in which any transcript has not been filed is subject to dismissal.

The attorney for the appellee conceded at oral argument that the wife did not raise in the trial court the issue of equitable estoppel. He also conceded that the trial judge did not state that equitable estoppel was an issue in the case or that equitable estoppel was the basis of the trial judge's decision. Indeed, the final order of the trial judge decides a contract issue only and contains no indication that equitable estoppel was an issue in the trial Court. Appellee's argument in support of a dismissal is as follows: although equitable estoppel was not presented to the trial judge as an issue and although the trial judge did not decide the case upon principles of equitable estoppel, there was evidence presented at the evidentiary hearing from which *this Court*, if it had a transcript, could find sufficient facts upon which to conclude that equitable estoppel was available as a defense to the wife. Appellee misconstrues the nature and function of appellate review.

This Court has repeatedly held that an issue that was not in dispute in the trial court will not be considered for the first time on appeal. *See Westbrook v. Westbrook*, 5 Va. App. 446, 451, 364 S.E.2d 523, 526 (1988); *Green v. Warwick Plumbing & Heating Corp.*, 5 Va. App. 409, 412-13, 364 S.E.2d 4, 6, *appeal dismissed*, 371 S.E.2d 7 (Va. 1988); *Evans-Smith v. Commonwealth*, 5 Va.

App. 188, 195 n.2, 361 S.E.2d 436, 440 n.2 (1987). This has long been the rule of appellate practice in Virginia. *See Eason v. Eason*, 204 Va. 347, 352, 131 S.E.2d 280, 283 (1963); *Womble v. Gunter*, 198 Va. 522, 528, 95 S.E.2d 213, 218 (1956); *Stevens v. Mirakian*, 177 Va. 123, 129, 12 S.E.2d 780, 782 (1941). Although it may not have been necessary for the wife to assert the defense of equitable estoppel in her initial pleadings in the trial Court, *see Lawson v. States Constr. Co.*, 193 Va. 513, 521, 69 S.E.2d 450, 455 (1952), if she did not claim equitable estoppel as a defense at trial, that issue was never adjudicated and "[t]hus, [this defense is] not properly before us," *Hill v. Hill*, 227 Va. 569, 579, 318 S.E.2d 292, 298 (1984). Nonenforcement of the rule in this case cannot be reconciled with past appellate decisions. With or without the transcript, it is clear that the issue of equitable estoppel was raised for the first time on appeal.

The majority adopts the appellee's argument and states that "without a transcript, we cannot determine if estoppel was presented to the trial court or if sufficient evidence supported such a theory." The majority's conclusion is inexplicable. The appellee's brief does not assert that estoppel was raised in any fashion as an issue to be decided by the trial judge. Moreover, appellee's concession that the wife never raised the issue of equitable estoppel at trial disposes of the majority's thesis that "without a transcript, we cannot determine if estoppel was presented to the trial court."[3]

---

[3] In the discharge of his obligation as an officer of this Court, appellee's counsel candidly and forthrightly conceded at oral argument that the defense of equitable estoppel was never presented to the trial judge. I do not intend to use counsel's concession against him in any punitive fashion. That concession was unavoidable because appellee's brief scrupulously avoided any assertion that equitable estoppel was pleaded or placed in issue at any point in the trial proceeding. In the absence of any reference to equitable estoppel in the trial court pleadings, in the memoranda of law, in the final order, or in any other place in the record, the assertion in the appellee's brief on appeal, for the first time, of arguments concerning equitable estoppel requires some explanation. The majority ignores the absence in the record of any reference to "estoppel" or "equitable estoppel" and engages in the legal fiction that those issues hypothetically might be found in the transcript that was not timely filed. However, appellee's concession admitted no more than is obvious from a perusal of the transcript of the evidentiary hearing that was lodged in the record on appeal due to its untimely filing. That same transcript discloses the wife objected to the hearing as being unnecessary in view of the arguments submitted in her legal memorandum to the trial judge.

The majority's other thesis that "without a transcript, we cannot determine . . . if sufficient evidence supported [the equitable estoppel] theory" derives from the wife's argument on appeal that, although the trial judge may have decided the case on the legal issue of construction of the contract, the decision must be affirmed if it is right for the wrong reason. The answer to this argument requires no extended discussion. Based upon clear precedent, this Court recently held that "[t]he [right-for-the-wrong-reason] rule does not always apply. It may not be used if the correct reason for affirming the trial court was not raised in any manner at trial." *Driscoll v. Commonwealth*, 14 Va. App. 449, 452, 417 S.E.2d 312, 313-14 (1992)(citing *Eason*, 204 Va. at 352, 131 S.E.2d at 283). Thus, appellee's concession also negates the majority's alternative thesis.

In addition to appellee's concession, the record before this Court proves the wife did not argue equitable estoppel in the trial court. At no time did the wife set forth in any pleading a claim of equitable estoppel. Indeed, both parties submitted the contract issue to the trial judge as a matter of law. Each party filed a memorandum of law upon which the contract issue was submitted to the trial judge for decision. Nowhere in the wife's memorandum is there any intimation of equitable estoppel. The wife's memorandum asserted that the agreement was unambiguous and suggested an interpretation of the provision at issue, Section VII, that was favorable to her recovery. Likewise, the husband asserted that the issue was a legal question, the construction of Section VII, and suggested an interpretation favorable to his recovery. The evidentiary hearing was held at the trial judge's request. The issue contemplated by the trial judge and the parties at the trial level was clearly that of construing the agreement. The trial judge addressed that issue in his final order. The record submitted in conjunction with this appeal is entirely adequate and complete for our review of that legal issue, the only one raised at trial and decided by the trial judge.

Thus, the sole question on appeal is whether the trial judge correctly construed an unambiguous provision of the parties' separation and property agreement. "If the record on appeal is sufficient in the absence of the transcript to determine the merits of the issues on appeal, the court is free to hear and resolve the case." *Williams v. Commonwealth*, 7 Va. App. 516, 519, 375 S.E.2d

364, 366 (1988) (citing *Turner v. Commonwealth*, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986)). It is so in this case.[4]

The provision of the agreement at issue concerns liens on the marital residence. The husband argues that the wife eliminated the husband's responsibility to make payments as contemplated by the provision, which reads as follows:

The Wife agrees to assume the obligation of the first lien indebtedness thereon and to indemnify and to hold the husband harmless thereon. *The Husband agrees to be responsible for the payment under the second deed of trust encumbering said property, to make payments directly to the lender*, and to indemnify and hold Wife harmless thereon, and further agrees that this obligation shall not be dischargeable in bankruptcy.

The foregoing notwithstanding in the event the Wife enters into a bona fide contract with a third party for the sale of said real estate, the Husband shall be entitled to a right of first refusal to purchase property. . . . In the event the Husband exercises his right of first refusal granted herein within the sixty (60) day period, the Wife agrees to allow him to assume the obligations for both the first and second deeds of trust encumbering the property, if no opposition appears from the lenders of said deeds of trust, as partial payment of the purchase price of the property. *In the event the Husband declines to exercise his right of first refusal thereunder, the Wife agrees to pay all and satisfy in full the principal balance due and owing under the notes secured by both deeds of trust* from the proceeds received by her from the sale of the property, unless the purchasing third party legally assumes the obligation of the first deed of trust, *in which case only the second deed of trust must be satisfied in full by the Wife*. (emphasis added).

---

[4] Although I agree that the appellant is required by Rule 5A:6(b) to state "whether any transcript . . . will be filed," nothing in the Rules suggests or implies that the failure to perform this administrative function is a cause for dismissal of an appeal. Absent some prejudice to the appellee, the appellant's failure to insert such directory language, which surely was intended to alert the clerk for purposes of preparing the record on appeal, does not provide a basis upon which to deprive an appellant of an appeal. Furthermore, even if Rule 5A:6(b) were intended to benefit the appellee, the failure to timely file the transcript in this case after appellant made the requisite certification is patently harmless.

Other provisions of the agreement required the husband to convey his interest in the marital residence to the wife. After the husband had conveyed his interest, the wife refinanced the obligations that were secured by the deeds of trust and, thus, extinguished both the existing first and second deeds of trust. As a consequence of the refinancing, no second deed of trust now exists.

The husband argued that the wife eliminated the husband's responsibility to make payments as contemplated by this provision. However, the trial judge ordered the husband *to pay the wife* various sums of money, which, according to the agreement, were to be paid to the original second deed of trust lender. The final order erroneously required the husband to make payments in a manner not specified in the property settlement agreement and recited that the husband's "obligation to pay the second deed of trust . . . was not discharged by the refinancing of the indebtedness."

"[P]roperty settlement agreements are contracts and subject to the same rules of . . . interpretation as other contracts." *Smith v. Smith*, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986).

> "It is the function of the court to construe the contract made by the parties, not to make a contract for them. The question for the court is what did the parties agree to as evidenced by their contract. The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares."

*Hederick v. Hederick*, 3 Va. App. 452, 455-56, 350 S.E.2d 526, 528 (1986) (quoting *Wilson v. Holyfield*, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)). Thus, "[w]here there is no ambiguity in the terms of a contract, we must construe it as written" and give its terms their plain and ordinary meanings. *Smith*, 3 Va. App. at 514, 351 S.E.2d at 596.

The wife points to no ambiguity in the agreement that required the trial court to consider parol evidence to resolve the issue. Indeed, the wife suggested to the trial judge by memorandum that "to construe the contract here at issue, it is necessary . . . to examine the *entire* contract here at issue." Neither party suggested to the trial judge that the taking of evidence was necessary to de-

cide the issue.[5] I would conclude that the agreement is unambiguous and, further, that the trial judge erred in receiving parol evidence to discover the parties' intention in drafting the agreement.

Nothing in the agreement requires the husband to make payments to the wife as ordered by the trial judge. The agreement only obligated the husband to make payments to the second deed of trust lender.[6] The wife's refinancing, however, fully satisfied and extinguished the second deed of trust note. "[C]ourts cannot read into contracts language which will add to or take away from the meaning of the words already contained therein." *Wilson*, 227 Va. at 187, 313 S.E.2d at 398. " 'However inartfully it may have been drawn, the Court cannot make a new contract for the parties.' " *Tiffany v. Tiffany*, 1 Va. App. 11, 16, 332 S.E.2d 796, 799 (1985) (quoting *Berry v. Klinger*, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983)).

Upon consideration of " 'the words within the four corners of the disputed provision,' " *Wilson*, 227 Va. at 188, 313 S.E.2d at 398, I would conclude that the words of the disputed provision do not create an obligation for the husband to pay anyone other than the holder of the second deed of trust. The husband's contractual responsibility was extinguished when the note secured by the second deed of trust was paid by the wife's refinancing.[7] Therefore, I

---

[5] Indeed, if the transcript of the evidentiary hearing were properly before us, the majority would be aware that the wife explicitly objected to the hearing and asserted that the trial judge should decide the issue on the legal arguments in the memoranda.

[6] The husband's interest in paying the second deed of trust noteholder and not the wife, who now has sole title to the property, is obvious. In accordance with the agreement, the husband transferred title and all his interest in the property to the wife. The husband and wife bargained for the husband to pay the second deed of trust noteholder and to relieve the wife of that payment for so long as that note existed during its term or until she sold the property to a third party. If the wife entered into a contract to sell the property to a third party, the husband had a right of first refusal to purchase the property. Upon his exercise of the right to purchase, the husband then had the right to assume the payments on the second deed of trust note in partial payment of the purchase price. If the husband declined to exercise the right of first refusal, the husband's obligation to pay the second deed of trust note was extinguished.

[7] The wife did not raise in the circuit court or in this Court the question of the indemnity clause that is addressed in the concurring opinion. The trial judge's judgment order also did not rest on indemnity. By the express wording of the contract, the husband's promise to indemnify the wife and hold her harmless would only arise from the husband's failure to make the payments that he committed to make to the second deed of trust noteholder. Because the condition of the indemnity agreement was not met, the agreement to indemnify did not become fixed. *See Union Cent. Life Ins. Co. v. United States Fidelity &*

would find no procedural bar to reaching the merits of this issue and would vacate the order that requires the husband to make the payments directly to the wife.

<hr>

*Guar. Co.*, 99 Md. 423, 58 A. 437 (1904). By agreeing to pay the second deed of trust noteholder, the husband did not agree to indemnify the wife against all claims that might arise under the note, only those that arose from his failure to pay the second deed of trust noteholder in accordance with his undertaking. The husband did not breach that covenant to pay. The wife has not and cannot claim that she has suffered loss because of the noteholder's call of the note or because of acceleration of payments due to the husband's default.

Any loss that the wife suffered has been occasioned by her own decision to refinance the deeds of trust notes, an event for which the husband did not contract to indemnify her. Husband did not agree to indemnify her for damage she suffered because of her own willful conduct. For purposes of her own convenience, the wife refinanced the deeds of trust notes after the title was transferred to her and prepaid the entire balance due on the second deed of trust note. Since her right to indemnity arises only upon the non-performance of the thing the husband bound himself to do, i.e., tender of payment to the second deed of trust noteholder in accordance with the terms of the note, the wife has no cognizable claim for indemnity. The party who claims the right of indemnification must prove that the "contract . . . clearly and definitely show[s] an intention to indemnify against a certain loss or liability." *Moore v. Chesapeake & O. Ry.*, 493 F. Supp. 1252, 1269 (S.D. W. Va. 1980), *aff'd*, 649 F.2d 1004 (4th Cir. 1981); *see also Seaboard Air Line Ry. v. Richmond-Petersburg Turnpike Auth.*, 202 Va. 1029, 1033, 121 S.E.2d 499, 503 (1961). Nothing in the contract provided for an indemnity against the wife's conduct or omissions and certainly not against her voluntary prepayment in the absence of the husband's breach. In order to be eligible for indemnity under the terms of this agreement, the wife must demonstrate that she was under some compulsion to satisfy a claim due to the husband's default and, thus, had a right to be indemnified under the agreement. *See Glover v. Johns-Manville Corp.*, 662 F.2d 225, 228 (4th Cir. 1981). That is not this case. She has not proved and cannot prove the husband's actual or anticipatory breach.