COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Fitzpatrick


ABDERRAHIM NAAMAN

                                                    MEMORANDUM OPINION*
v.        Record No. 2240-06-4                           PER CURIAM
                                                         MAY 8, 2007
SAHAR LARRAZABAL


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

(Kenneth H. Rosenau; Rosenau & Rosenau, on brief), for appellant.

(Lynn E. Berry; Rebecca Romo, Third-Year Law Student; Becker, Hadeed, Kellogg & Berry, P.C., on brief), for appellee.


Abderrahim Naaman (father) appeals from the circuit court's August 4, 2006 custody, visitation, and support order awarding sole custody of the parties' child to Sahar Larrazabal (mother). On appeal, father contends the evidence is insufficient to support the court's decision. Upon reviewing the record and briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. The bare assertion that an award is "contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal." Rule 5A:18. "[E]ndorsing a decree 'seen and objected to' does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court." Twardy v. Twardy, 14 Va. App. 651, 657, 419 S.E.2d 848, 851 (1992) (en banc).

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Although father asserts he preserved his question presented in his objections to the trial court's order, a review of this document reveals he endorsed the order "seen and objected to" with only the following elaboration: "The judge's ruling was an abuse of discretion and plain error. The court's ruling was without sufficient evidence." The court's order addressed custody, visitation, and support issues. Although father objected generally to the sufficiency of the evidence to support the trial court's order, he failed to specify his objections. Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*). A trial court must be alerted to the precise issue to which a party objects. See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

Father also indicates he preserved his objections in the extract of the proceedings, written statement of facts, and several exhibits. However, in fact, the issue raised on appeal is not addressed in any of these locations.

Because the requirements of Rule 5A:18 have not been met, we will not consider this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, the judgment of the trial court is summarily affirmed.

Affirmed.