COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Humphreys and Beales


HEATHER HORTON CROSSMAN

MEMORANDUM OPINION[*]

v.        Record No. 0632-08-2                                PER CURIAM
                                                             AUGUST 5, 2008

HARRISONBURG ROCKINGHAM
 SOCIAL SERVICES DISTRICT


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
James V. Lane, Judge

(Heather Horton Crossman, *pro se*, on brief).

(Kim Van Horn Gutterman, Assistant County Attorney; Danita S.
Alt, Guardian *ad litem* for the infant child, on brief), for appellee.


Heather Horton Crossman (appellant) appeals the trial court's decision dismissing her

petition for visitation of the child due to the fact that the child is over the age of eighteen years

old. On appeal, appellant asserts that the court erred in dismissing her petition. Appellee

contends that appellant's appeal should be dismissed because she (1) failed to perfect her appeal,

(2) failed to preserve her objection to the court's ruling, and (3) requests relief that the court

cannot grant. Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Appellant is a third party who filed for visitation of three children in the Harrisonburg Rockingham County Juvenile and Domestic Relations District Court.[1]  On November 3, 2006, that court denied appellant's request for visitation because there was no valid address for the mother of the children.  Appellant timely filed her appeal notice to the circuit court.  The notice reflects multiple case numbers, but only the oldest child is listed as a party.  At the top of the notice, appellant wrote "primarily [T.G.]"[2] (the oldest child).

The circuit court scheduled the matter to be heard on December 10, 2007.  Appellant alleges that the circuit court did not hear any evidence on that day and heard only from appellee's attorney.  T.G.'s birthday is October 31, 1989.  At the time of the hearing, she was eighteen years old.  Since T.G. was eighteen years old, the circuit court held that it did not have jurisdiction and dismissed the matter.

Appellant appeals the circuit court's order.

ANALYSIS

Appellant argues that she did not have a chance to be heard on her motion.  The trial court dismissed her appeal due to the fact that the child in question was eighteen years old and it no longer had jurisdiction over the child.  A child is a person who is less than eighteen years old.  See Code § 1-207.  A juvenile and domestic relations district court and a circuit court can determine custody and visitation of children.  See Code §§ 16.1-241(A)(3) and 20-124.3.  The courts do not have jurisdiction to determine visitation arrangements for a person who is eighteen years old; therefore, appellant's motion was moot.  See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (holding that "mootness has two aspects: 'when the issues presented are no

---

[1] The record only includes the initial petition for visitation for the oldest child.

[2] We will use initials to refer to the child.

longer "live" or the parties lack a legally cognizable interest in the outcome'" (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969))). Therefore, the circuit court properly dismissed the matter regarding visitation of T.G.

Appellant argues on appeal that the trial court erred in only hearing the visitation matter regarding T.G. because appellant initially filed for visitation of three children in the lower court.[3] The record reflects that the circuit court had only the visitation issue of T.G. before it. An appellant has the responsibility to provide a complete record to the appellate court. <u>Twardy v. Twardy</u>, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992). Therefore, this Court will not consider appellant's argument that her appeal to the circuit court was related to all three children.

The record supports the circuit court's finding that it did not have jurisdiction over the child for visitation matters. Accordingly, we summarily affirm the judgment. <u>See</u> Rule 5A:27.

<u>Affirmed.</u>

---

[3] No transcript or statement of facts was filed; therefore, this Court does not know whether appellant's arguments were preserved at the trial level.