COURT OF APPEALS OF VIRGINIA

Present: Judge Elder, Senior Judge Annunziata and Retired Judge Hodges[*]


SAMUEL H. BROWN, JR.

                                      MEMORANDUM OPINION[**]

v.     Record No. 1835-08-4                          PER CURIAM
                                        JANUARY 27, 2009
KRISTEN KETCHUM


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
John R. Alderman, Judge Designate

(Samuel H. Brown, Jr., *pro se*, on brief).

(Chad Rinard, on brief), for appellee.


Samuel H. Brown, Jr. appeals the circuit court's order dismissing two of his motions. Brown argues that the court erred by (1) denying him his due process rights to have the matter heard by a particular judge, denying his motion for attorney fees, and denying him the right to present a full argument; (2) denying him a continuance to obtain counsel; and (3) not allowing him to seek attorney fees for Kristen Ketchum's alleged conduct. The record on appeal does not contain a timely filed transcript or written statement of facts. See Rule 5A:8(a) and (c). Because a transcript or written statement of facts is indispensable to the determination of the issues on appeal, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Brown and Ketchum have one child together. Over the years, courts have entered several orders regarding custody, visitation, and child support.

---

[*] Retired Judge Hodges took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On November 1, 2007, Brown filed several motions, including a "Motion to Reopen, Amend Custody and Visitation" and a "Motion for Attorney's Fees, Promissory Note Expenses, Complaint for Fraud and Motion to Modify Custody." On April 23, 2008, Brown also filed a "Motion to Admend [sic] Motion for Attorney's Fees, Promissory Note Expenses and Complaint for Fraud filed November 1, 2007 [sic] Admend [sic] to Malicious Prosecution, Fraud, Intention to False Imprisonment [sic]." On April 30, 2008, a substitute judge heard the matter and dismissed the latter two motions and granted a continuance for Brown to amend his "Motion to Reopen, Amend Custody and Visitation."[1] On May 30, 2008, the court entered an order from the April 30, 2008 hearing, but Brown did not sign the order.

## ANALYSIS

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc). A court reporter was present at the April 30, 2008 hearing; however, Brown failed to file the transcript in a timely manner. There is no written statement of facts. In his appeal, Brown argues that the trial court did not give him an opportunity to present his case or grant him a continuance to retain counsel. We conclude that a transcript or written statement of facts is indispensable to a determination of the questions presented on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). We therefore affirm the decision of the circuit court. See Rule 5A:27.

Affirmed.

---

[1] Brown also filed a motion for a name change, which is not a subject of this appeal.