COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


GROVER GRAY BRADLEY, JR.

                                              MEMORANDUM OPINION[*]
v.      Record No. 2528-08-3                            PER CURIAM
                                               APRIL 14, 2009
LENORA JANE BRADLEY


FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

(Carl E. McAfee, on briefs), for appellant.

(Jay H. Steele, on brief), for appellee.


Grover Gray Bradley, Jr. (husband) appeals the final decree of divorce, awarding Lenora

Jane Bradley (wife) the parties' farm and awarding husband the former marital residence. Husband

argues that the trial court erred by (1) not classifying, valuing, and distributing the farm and marital

residence according to the statutory provisions and (2) abusing its discretion in denying husband's

motion for reconsideration. Upon review of the record and the briefs, we conclude that this appeal

is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

The trial court heard testimony and evidence on July 25, 2008; however, the record does not

contain a transcript of the proceedings. Husband filed a motion for reconsideration on July 29,

2008, because he sought leave of the court to obtain and submit appraisals of the farm and former

marital residence. The final decree was entered on October 9, 2008.

On December 3, 2008, the trial court judge signed the written statement of facts. As far as

the real estate, which is the issue in this case, the written statement of facts states as follows:

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> There was no testimony rendered by defendant [wife] as to the fair market value of the marital residence, and there was evidence presented by defendant as to the fair market value of the farm. A tax ticket was placed into evidence, defendant's Exb. 4, by counsel for the defendant. Plaintiff [husband] testified that the fair market value of the farm was $450,000.00.

The written statement of facts does not recite the judge's ruling. The final decree states that the parties agreed that the farm was marital property and the trial court found wife's evidence more credible as far as the value of the farm. The final decree states that husband testified that the marital residence was his separate property and was valued at approximately $50,000 and that wife testified that the marital residence was transmuted to marital property, except for husband's original investment of $7,000. The written statement of facts does not address husband's motion for reconsideration, and the final decree simply states that the motion for reconsideration is overruled.

Husband alleges that the trial court failed to classify and value the parties' farm and marital residence. However, the final decree states that the parties agreed that the farm was marital property and the trial court accepted wife's value, which was the tax ticket of $58,000 for the acreage and $65,900 for the improvements. Therefore, the trial court did classify and value the farm. Without a transcript or a more thorough written statement of facts, we are unable to determine whether the trial court classified and valued the marital residence and how it decided to distribute the real estate.

In addition, husband alleges that the trial court abused its discretion in denying his motion for reconsideration. However, there is nothing in the record regarding the trial court's ruling.

We conclude that a transcript or a more thorough statement of facts is indispensable to a determination of the questions presented on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96,

99-100, 341 S.E.2d 400, 402 (1986). The current written statement of facts is insufficient. An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). Therefore, we summarily affirm the judgment of the trial court. See Rule 5A:27.

Affirmed.