COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Powell and Senior Judge Clements


KIMBERLY NELSON, SOMETMES KNOWN AS
  KIMBERLY FLEMING

v.        Record No. 2662-09-3                    MEMORANDUM OPINION*
                                                           PER CURIAM
WASHINGTON COUNTY DEPARTMENT                JUNE 22, 2010
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
C. Randall Lowe, Judge

(W. Shawn McDaniel, on brief), for appellant.  Appellant
submitting on brief.

(Gregory M. Stewart; James H. Preas, III, Guardian *ad litem* for the
minor children; Stewart Law Office, P.C.; Haugh & Preas, PLC, on
brief), for appellee.  Appellee and Guardian *ad litem* submitting on
brief.


Kimberly Nelson, s/k/a Kimberly Fleming (mother), appeals from a decision terminating her

parental rights to her children.  Mother argues that the trial court erred in terminating her parental

rights.  She also contends the Department of Social Services (the Department) failed to actively

pursue relative placement with the children's grandmother.  Upon reviewing the record and briefs

of the parties, we affirm the decision of the trial court.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Mother and James Amos Andrew Gardner (father) have four children, J.G., W.G., H.G., and A.G.[1]  Beginning in December 2002, the family began receiving services from the Department due to issues regarding neglect, unsanitary living conditions, poor personal hygiene of the children, lack of cooperation by parents with service providers, and alleged drug abuse of a relative who lived with them at the time.  In 2005, both parents were charged with physical neglect of the children.  In 2007, father was again charged with physical abuse of the children.  In May 2007, father and mother separated.  Mother had custody, and father had supervised visitation.  In May 2007, the Department offered numerous services to mother, including ongoing social worker and homemaker services, in-home counseling, and case management and mentoring from Highlands Community Services.  Respite care was provided for the children, and J.G. attended special education classes.

On January 24, 2008, the Department removed the children from the home because of mother's lack of cooperation with service providers, unsanitary conditions of the home, poor hygiene of the children, lack of supervision, inappropriate and inconsistent day-care providers, failure to keep medical appointments, lack of discipline, and safety concerns.

While the children were in foster care, mother was unable to maintain suitable housing and employment.

On November 9, 2009, the trial court terminated mother's parental rights, and mother timely noted her appeal.[2]

---

[1] We will refer to the children by their initials.

[2] The trial court also terminated father's parental rights.  He appealed the decision.  See Gardner v. Washington Co. Dep't of Soc. Servs., Record No. 2661-09-3 (Va. Ct. App. June 22, 2010).

ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Issue 1 – Termination of Parental Rights

Mother argues that the trial court erred in terminating her parental rights. She contends she made substantial improvement toward remedying the situation that led to removal of the children.

The trial court terminated mother's parental rights based on Code § 16.1-283(B)[3] and § 16.1-283(C)(2).[4]

---

[3] Code § 16.1-283(B) states a parent's parental rights may be terminated if:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

[4] A person's parental rights may be terminated if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the

Beginning in 2002 and continuing until the children's removal in January 2008, mother had problems with unsanitary living conditions, lack of supervision of the children, lack of cooperation with social services, the children's poor hygiene, and chronic head lice. A social worker visited her home for several months prior to the children's removal to try to help mother. The social worker described the children as being dirty, wearing dirty clothes, and having matted hair. The younger children had dirty diapers that desperately needed to be changed. One time when mother changed a child's diaper at the social worker's insistence, she did not wipe the child. The social worker told mother that she needed to wipe the child, and mother used a stray sock from the floor to wipe the child because she did not have any baby wipes. The house was "filthy" with trash on the floor and dirty clothes piled so high in the bathtub that it could not be used. There were times when the social worker would come to the house and find that mother and the children had no towels, soap, or toothbrushes. Despite the Department's services, mother made no progress and the children were removed.

After the children were removed from the home, mother could not maintain stable housing or employment. Mother completed parenting classes and attended counseling. However, her counselor testified that she was not making the necessary progress.[5] All of the children have special needs, and mother is not capable of meeting their needs. Mother regularly visited the children but had problems with setting limits and enforcing the rules. She could not control them, and the social workers often described the visits as "chaotic." At times during the visits, mother ignored W.G., which caused the child to scream and cry afterwards. The

reasonable and appropriate efforts of social, medical, mental health
or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2).

[5] Mother's counselor testified at the juvenile and domestic relations district court hearing. The transcript of his testimony was admitted into evidence at the trial court.

Department unsuccessfully tried to assist mother with setting limits and spending equal time with the children. The Department tried to have unsupervised visitation, but mother lost her transportation and could not continue with unsupervised visits.

In April 2008, mother married Robbie Fleming and separated from him in July 2008. She lived in a variety of situations, including staying with friends, in her car, and in an efficiency apartment. The apartment was not big enough for her and the children, and the apartment was in a dangerous neighborhood. At trial, mother testified that she reunited with Fleming and had been with him for approximately two months. She stated that they were living in a house that was big enough for all of the children. She also testified that she had a job at a convenience store, where she had been working for approximately two weeks before the trial.

Mother argues that these recent actions show that she remedied the conditions that led to the children's removal.

"'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)).

Mother has a history of being unable to maintain stable housing and employment. She was unable to control the children who have special needs. The children had been in foster care for approximately twenty-two months at the time of the hearing in the trial court. During that time, mother showed that she could not meet the children's needs. Contrary to her argument, mother had not substantially remedied the conditions that led to removal.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The trial court did not err in terminating mother's parental rights.

### Issue 2 – Relative Placement

Mother argues that the trial court erred in terminating her parental rights because the Department failed to actively pursue relative placement with the paternal grandmother. Mother admits that the record does not reflect that she preserved the issue. She states that her objection was "inadvertently not included in the Amended Statement of Facts."

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc). Since the record does not show that mother's issue was preserved, Rule 5A:18 applies.[6]

Mother asks that the Court consider the question presented to attain the ends of justice. "In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added). Mother did not show that a miscarriage of justice occurred, so the ends of justice exception does not apply.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.

---

[6] "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.