COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Alston and Senior Judge Coleman


ROSE SCHROEDER

MEMORANDUM OPINION[*]

v.     Record No. 2443-11-3     PER CURIAM
MAY 15, 2012

WISE COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF WISE COUNTY
John C. Kilgore, Judge

(Jeremy B. O'Quinn; The O'Quinn Law Office, PLLC, on brief), for
appellant.

(Karen T. Mullins; Damie F. Carter, Guardian *ad litem* for the infant
children; Office of the County Attorney; Damie F. Carter Law
Office, on brief), for appellee.


Rose Schroeder appeals the termination of her parental rights to her children pursuant to

Code § 16.1-283(C). Schroeder argues the circuit court erred in dismissing her appeal from the

juvenile and domestic relations district court (JDR court) for her failure to prosecute. Schroeder

also argues the Wise County Department of Social Services (DSS) failed to meet its burden to prove

her rights should be terminated under Code § 16.1-283(C). Upon reviewing the record and briefs of

the parties, we conclude this appeal is without merit. Accordingly, we summarily affirm the

decision of the circuit court. See Rule 5A:27.

On November 15, 2010, the JDR court terminated Schroeder's parental rights to her two

children. At the time of the hearing, Schroeder lived in Baltimore, Maryland. Schroeder did not

attend the JDR court hearing, and she notified the court she knew about the hearing, but she could

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

not be present due to transportation difficulties. On November 16, 2010, Schroeder filed a notice of appeal of the JDR court's decision. Trial *de novo* was set on March 18, 2011, in the circuit court, but Schroeder failed to appear. Trial was continued to September 16, 2011, and Schroeder received actual notice of the date because she signed a certified letter notifying her of the hearing date and she telephoned her attorney indicating she would come to court. Schroeder failed to appear on September 16, 2011.

On September 16, 2011, DSS moved to dismiss Schroeder's appeal of the JDR court's order based upon her failure to prosecute. Prior to ruling on DSS's motion, the trial judge asked the guardian *ad litem* (GAL) to review the facts of the case.[1] The trial judge asked the parties for authority giving him the right to dismiss the appeal. After a review of the provided authority, the trial judge dismissed Schroeder's appeal for failure to prosecute. In the alternative, the trial judge ruled that if he did not have the power to dismiss, the facts presented by the GAL, and unrefuted by Schroeder's counsel, provided clear and convincing evidence for the termination of Schroeder's parental rights to her children.

Code § 16.1-106.1(D) provides in part:

> If a party who has appealed a judgment or order of a district court fails to appear in circuit court either at the time for setting the appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section.

Schroeder received actual notice of the circuit court proceeding, but she failed to appear for it. Accordingly, the circuit court did not err in dismissing Schroeder's appeal of the JDR

---

[1] The GAL informed the court of the issues related to the children's health and cleanliness, of inappropriate sexual activity of one child, of an allegation that the father of the children had inappropriately touched one child, that Schroeder had not seen the children since December 2009, and that Schroeder had not completed services required by DSS.

court's order terminating her parental rights to her children for her failure to prosecute.[2]

Therefore, we summarily affirm the decision of the circuit court.  See Rule 5A:27.

Affirmed.

---

[2] In her brief, Schroeder concedes that Code § 16.1-106.1(D) allows the withdrawal of an appeal if the appellant does not appear, but she argues she was not given notice of the consequences of the termination and she must receive personal service under Code § 16.1-283. Although Schroeder's attorney endorsed the final order as "objected to the dismissal and to all findings," this was insufficient to preserve these arguments on appeal and Rule 5A:18 bars consideration of them.  See Twardy v. Twardy, 14 Va. App. 651, 657, 419 S.E.2d 848, 851 (1992) (*en banc*) (finding that endorsing a decree "seen and objected to" does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court).