COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, McCullough and Senior Judge Bumgardner


SYBIL MOODY

                                                            MEMORANDUM OPINION[*]
v.        Record No. 0574-12-3                                  PER CURIAM
                                                            AUGUST 28, 2012
SHENANDOAH VALLEY DEPARTMENT
 OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
                         Humes J. Franklin, Jr., Judge

            (S. Scott Baker, on brief), for appellant.

            (James B. Glick; Rebecca E. Belew, Guardian *ad litem* for the minor
            child; Vellines, Glick & Whitesell, P.L.C., on brief), for appellee.


        Sybil Moody (mother) appeals an order terminating her parental rights to her child.  Mother

argues that the circuit court erred in finding that the Shenandoah Valley Department of Social

Services (the Department) met its burden by clear and convincing evidence to terminate mother's

residual parental rights to her child.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

                                   BACKGROUND

        We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cnty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The Department filed a petition for emergency removal of the child on December 14, 2009, and a removal order was entered on January 13, 2010. On August 9, 2011, the Department filed a petition to terminate mother's parental rights to her child. On October 12, 2011, the juvenile and domestic relations district court entered an order terminating mother's parental rights.[1] Mother appealed the order.

The circuit court heard evidence and argument on February 23, 2012. The circuit court found that the "child would be subjected to an imminent threat to the extent that severe and irremediable harm would be likely to result if the child were returned to or left in the custody of her parents." It held that it was in the best interests of the child to terminate mother's parental rights based on the Department's clear and convincing evidence:

> 1. That the natural mother, without good cause, has been unwilling or unable within a reasonable period [sic] time from when the child was placed in foster care to remedy substantially the conditions which led to or required the continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of such social, medical, mental health or other rehabilitative agencies to such end; and
>
> 2. That the natural mother, without good cause, has failed or has been unable to make substantial progress towards the elimination of the conditions which led to the child's foster care placement in accordance with her obligations under and within the time limits or goals set forth in foster care service plans filed with the Court or any other plan jointly designed to and agreed to by the parent and a public or private social, medical, mental health, or other rehabilitative agency . . . .

Mother timely noted her appeal.

## ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support

---

[1] The juvenile and domestic relations district court also terminated father's parental rights.

it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted). When considering termination of parental rights, "the paramount consideration of a circuit court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Mother argues that the circuit court erred in terminating her parental rights and that the termination of her parental rights was not in the best interests of the child. She contends the Department failed to demonstrate by clear and convincing evidence that termination of parental rights was warranted under Code § 16.1-283.

Mother failed to provide this Court with a sufficient record to consider her arguments. There is no indication in the record as to why the child initially was removed from mother's care and why it was in the child's best interest to remain in the Department's custody. The record does not contain any of the foster care plans, even though the final order stated that the Department filed a "foster care service plan . . . , which documents termination of residual parental rights as being in the best interest of said infant child." The record also does not contain a transcript from the hearing.[2] The final order contains legal conclusions and the procedural history of the case, but no factual findings that can assist the Court with a determination of the issues.

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc). Since mother provided an insufficient record to this Court, we are unable to review her assignment of error. See Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20

---

[2] Mother filed a written statement of facts with the trial court, but failed to provide the appropriate notice of presentment, see Rule 5A:8, instead including notice language in her certificate of service. The circuit court did not sign the written statement of facts.

(1991) ("In the absence [of a sufficient record], we will not consider the point.").  Therefore, the

trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>