UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Annunziata

SHARON M. JACKSON

                                                               MEMORANDUM OPINION*

v.     Record No. 0438-13-2                                      PER CURIAM
                                                     AUGUST 20, 2013

HOPEWELL DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Nathan C. Lee, Judge

(Christopher B. Ackerman, on brief), for appellant.  Appellant
submitting on brief.

(Kevin B. O'Donnell; Joan M. O'Donnell; Rosalyn P. Vergara,
Guardian *ad litem* for the minor children, on brief), for appellee.
Appellee and Guardian *ad litem* submitting on brief.

Sharon M. Jackson (mother) appeals an order terminating her parental rights to her children.

Mother argues that the trial court erred in terminating her parental rights before allowing her enough

time to provide a safe home for the children.

On or about August 25, 2011, the Hopewell Department of Social Services (the Department)

received legal custody of mother's two children, C. and J.  The children have remained in the

Department's custody since August 25, 2011.

Mother agreed to the initial foster care service plan's goal to place the children in the care of

their paternal aunt, Charmaine Brown.  The Department placed one of the children with Brown on a

trial basis, but removed the child shortly thereafter.  Brown told the Hopewell Juvenile and

Domestic Relations District Court (the JDR court) that she no longer was willing or able to have the

children placed in her care and custody.  Brown withdrew her petition for custody.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Mother has been incarcerated since August 2012. After Brown withdrew her petition for custody, the Department changed the foster care goal to adoption. On January 24, 2013, the JDR court granted the Department's petition to terminate mother's parental rights. Mother appealed to the circuit court. On February 25, 2013, the circuit court held a trial *de novo*. There is no transcript from the hearing, although the record includes a written statement of facts. The circuit court terminated mother's parental rights pursuant to Code § 16.1-283(B), (C)(1), and (C)(2).

On appeal, mother argues that the trial court erred by terminating her parental rights before allowing her enough time to provide a safe home for the children. She contends she learned that Brown was withdrawing her petition for custody in August 2012. Since mother was incarcerated, she was "unable to present herself as a primary care giver for her children." She asserts that the trial court should have provided her with "a reasonable amount of time to rectify her living situation as to provide a stable and safe home for the children." She contends that she had made progress toward the goal of returning her children to her home, but it was "beyond Ms. Jackson's control that she does not have the ability to care for her children" due to her incarceration.

The written statement of facts does not include a summary of the parties' arguments, so we are unable to determine whether mother's argument was presented to the trial court.[1]

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

---

[1] We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18.

Mother had the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*).

Mother's counsel signed the final order as "Seen and Objected to" with no further explanation. Without a summary of the parties' arguments, the Court does not know whether mother preserved her assignment of error and presented her argument to the trial court. As a result, the record is insufficient for us to review mother's assignment of error. See Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) ("In the absence [of a sufficient record], we will not consider the point.").

For the foregoing reasons, the trial court's ruling is affirmed.[2]

Affirmed.

---

[2] The Court notes that mother appealed only one of three alternative grounds used by the trial court for termination, specifically termination pursuant to Code § 16.1-283(C)(2); even if she prevailed on this one ground, termination pursuant to Code § 16.1-283(B) and (C)(1) would still stand.