COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia

FRANCES R. GOOCH

v.        Record No. 2013-07-1

DORIS HARRIS, JAMES HARRIS AND
  JOSEPH WAYNE GRAY, SR.

OPINION BY
JUDGE D. ARTHUR KELSEY
JUNE 10, 2008

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
James A. Cales, Jr., Judge

Christine N. Piersall (Williams Mullen, on brief), for
appellant.

Michael Rosenberg (Richardson and Rosenberg, LLC, on
brief), for appellees Doris Harris and James Harris.

No brief or argument for appellee Joseph Wayne Gray, Sr.

Frances R. Gooch appeals an order of the circuit court approving, over her objection, the

adoption of her son by Doris and James Harris.  Gooch argues that the court erroneously

concluded she withheld consent for the adoption contrary to the best interests of the child under

Code § 63.2-1203(A) without specifically finding that continuing the parent-child relationship

would be "detrimental" to the child.  See Appellant's Br. at 1.  We hold the circuit court did not

err as Gooch claims and thus affirm its final adoption order.

I.

At the time of the circuit court hearing, Gooch's son was seven years old.  He had lived

with Doris and James Harris (Gooch's great aunt and uncle) since he was two years old.  The

boy's father, Joseph Wayne Gray, Sr., has been in the penitentiary for much of his son's life.[1]

---

[1] Gray made an appearance in circuit court to object to the adoption, but did not appeal
the adoption order.

The Department of Social Services removed the child from Gooch's custody when he was found asleep in Gooch's car outside a bar. During the five years the child has been living with Doris and James Harris, Gooch visited him four times.

Doris and James Harris previously adopted Gooch's older son and raised him for nearly ten years. Upon learning that Gooch was involved in drug and alcohol abuse, the Harrises filed a petition to adopt Gooch's younger son pursuant to Code § 63.2-1203(A), which authorizes adoption of a child over the objection of a biological parent under certain circumstances outlined in Code § 63.2-1205.

At the time of the circuit court hearing, Gooch was incarcerated on a probation violation arising out of an earlier cocaine conviction. She testified she had about five months remaining in the one year and ten month sentence. She admitted she had no home and did not know where she would live. She also conceded that, prior to her incarceration, she regularly used illegal drugs and abused alcohol. She did not have steady employment prior to being arrested. Gooch spoke well of Doris and James Harris and expressed gratitude that they had taken good care of her son. Gooch said she had not previously sought custody of her son because she "was not stable enough" to be a parent. Even so, Gooch stated, she would not consent to the adoption because, "I want my boys back eventually one day."

The circuit court held that "overwhelming evidence" demonstrated that the child's best interests would be furthered by the adoption and that Gooch withheld her consent contrary to the child's best interests under Code § 63.2-1205. Recognizing that the decision severed the parent-child relationship, the court also stated it would "go beyond" the best-interests test and examine whether "clear and convincing evidence" demonstrated that Gooch was "either unwilling or unable to care for the child for whatever reason." The evidence satisfied that standard, the court held. Gooch's history of substance abuse, her prior failure to parent the child, her minimal

contact with the child, her likely inability to parent the child in the future, her "awful" quality of life — these circumstances, the court found by clear and convincing evidence, justified the adoption over Gooch's objection.

II.

On appeal, Gooch presents only one question: Did the circuit court err by granting the adoption "without a finding that a continuance of Ms. Gooch's and [the child's] legal parent-child relationship would be *detrimental* to [the child]." Appellant's Br. at 1 (emphasis added). "The judge's reasoning, in effect, treated the detriment-to-the-child requirement as merely a restatement of the best-interests-of-the-child test." Id. at 12. Contending that the circuit court applied the wrong legal standard, Gooch asks us to "remand this case to the trial court to hear evidence on whether the continuance of Ms. Gooch and [the child's] legal parent-child relationship would be detrimental to [the child] using correct legal standards." Id. We see no need for a remand, however, because we reject the underlying premise of Gooch's argument.

The detriment-to-the-child standard first appeared in Code § 63.1-225.1, the statutory predecessor to Code § 63.2-1205.[2] "Code § 63.1-225.1, enacted in 1995, codifie[d] the standard promulgated by the Virginia appellate courts in cases decided under prior law, when the statute contained no explicit standard." Hickman v. Futty, 25 Va. App. 420, 426, 489 S.E.2d 232, 235 (1997) (citation omitted).[3] From 1995 to 2006, the statute provided that, "[i]n determining

---

[2] In 2000, the General Assembly repealed Code § 63.1-225.1 and recodified it as Code § 63.1-219.13. See 2000 Va. Acts, ch. 830. In 2002, the General Assembly repealed Code § 63.1-219.13 and recodified it as Code § 63.2-1205. See 2002 Va. Acts, ch. 747.

[3] See also Gray v. Bourne, 46 Va. App. 11, 17, 614 S.E.2d 661, 663 (2005) ("In determining whether a birth parent's consent is being withheld contrary to the best interests of the child, the trial court 'shall consider whether the failure to grant the petition pending before it would be detrimental to the child.' Code § 63.2-1205."); Winfield v. Urquhart, 25 Va. App. 688, 696, 492 S.E.2d 464, 468 (1997) ("Initially, we review the factors listed in Code § 63.1-225.1 that the court should consider '[i]n determining whether the failure to grant the petition would be detrimental to the child.'").

whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, or is unobtainable, the circuit court . . . shall consider whether the failure to grant the petition pending before it would be *detrimental to the child*." Former Code § 63.2-1205 (applicable prior to July 1, 2006) (emphasis added).

After establishing a joint subcommittee to study Virginia's adoption laws, see Senate Joint Resolution 331 (2005), the General Assembly amended Code § 63.2-1205 to specifically remove all mention of the detriment-to-the-child standard. See 2006 Va. Acts, chs. 825, 848 (effective July 1, 2006). The current version of the statute now focuses on the best interests of the child: "In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, or is unobtainable, the circuit court . . . shall consider whether granting the petition pending before it would be *in the best interest of the child*." Id. (emphasis added).[4]

In short, Code § 63.2-1205 no longer requires any specific finding that the failure to grant the adoption petition would be detrimental to the child. Because the 2006 amendments took effect prior to the hearing and decision in this case, they necessarily negate Gooch's assertion that the circuit court erred by not making a finding under the detriment-to-the-child standard.[5]

---

[4] The amended statute, like its predecessor, lists various factors for the court to consider. The 2006 amendment, however, added a factor requiring the court to address "whether the birth parent(s) are currently willing and able to assume full custody of the child." 2006 Va. Acts, chs. 825, 848.

[5] Gooch does not argue the 2006 amendments to Code § 63.2-1205, as applied to her, implicate any constitutional issues. See generally Troxel v. Granville, 530 U.S. 57, 65-68 (2000) (rejecting the best-interest test as a standard for overruling objections of *fit* parents to court-ordered custody or visitation with a nonparent); Quilloin v. Walcott, 434 U.S. 246, 255 (1978) ("We have little doubt that the Due Process Clause would be offended '[i]f a State were to attempt to force the breakup of a natural family, over the objections of the parents and their children, without some showing of unfitness and for the sole reason that to do so was thought to be in the children's best interest.'" (citation omitted)); Griffin v. Griffin, 41 Va. App. 77, 85, 581 S.E.2d 899, 903 (2003) ("Absent a showing of actual harm to the child, the constitutional liberty interests of *fit* parents 'take precedence over the "best interests" of the child.'" (citation omitted and emphasis added)). We thus express no opinion on the subject.

III.

The circuit court did not erroneously fail to make a specific finding that continuing Gooch's parent-child relationship with her son would be detrimental to him. Code § 63.2-1205 now requires no such finding. We thus affirm the circuit court's final adoption order.

<u>Affirmed.</u>