COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


ROBERT JAMES CRABB

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0573-07-4                          PER CURIAM
                                                    FEBRUARY 3, 2009
XAVIER JARA AND
  SALLY JARA


             FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                          Richard B. Potter, Judge

          (Ronald W. Fahy, on brief), for appellant.

          No brief for appellees.

          (Elizabeth Munro von Keller, on brief), Guardian *ad litem* for the
          minor child.


        Robert James Crabb, father, appeals a decision of the trial court granting the adoption

petition filed by Xavier Jara and Sally Jara, mother.  On appeal, Crabb contends the trial court

erred by finding that the failure to grant the petition for adoption would be detrimental to the

child where the evidence did not clearly and convincingly support that finding.  Upon reviewing

the record and briefs, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

               From 1995 to 2006, [Code § 63.2-1205] provided that, "[i]n
               determining whether the valid consent of any person whose
               consent is required is withheld contrary to the best interests of the
               child, or is unobtainable, the circuit court . . . shall consider
               whether the failure to grant the petition pending before it would be

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> *detrimental to the child*." Former Code § 63.2-1205 (applicable
> prior to July 1, 2006) (emphasis added).

Gooch v. Harris, 52 Va. App. 157, 161, 662 S.E.2d 95, 97 (2008).

The legislature amended the statute to remove the detriment-to-the-child standard, effective July 1, 2006. See id. The current version of the statute states: "In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, or is unobtainable, the circuit court . . . shall consider whether granting the petition pending before it would be *in the best interest of the child*." Code § 63.2-1205 (emphasis added).

The hearing in this case was conducted on December 13, 2006, and the final order was entered on that same date. Because the 2006 amendments took effect prior to the hearing and decision in this case, the trial court in this case, as in Gooch, was not required to make a finding under the detriment-to-the-child standard. See Gooch, 52 Va. App. at 161-62, 662 S.E.2d at 97.

We note that, although it was not required by the statute to do so, the trial court made a finding from the bench that failing to grant the petition would "in fact be detrimental to the child." Furthermore, this finding was supported by clear and convincing evidence. Father had some contact with the child, A.M., for only the first few months of her life. However, he has been incarcerated since April 1994 and has not seen A.M. since November 1995. Father's anticipated date of release from prison is a few months before A.M. turns eighteen years old. A.M. is in good physical health, but she is severely developmentally delayed. She has been diagnosed with multiple cognitive, social, and emotional impairments. At the time of the hearing, she was functioning on the level of a seven or eight year old although she was thirteen years old. Dr. Michelle Eabon, an expert in clinical psychology with a specialty in evaluating parent-child relationships, performed several evaluations of A.M. since 1998. Dr. Eaton testified that A.M. intellectually knows that Crabb is her biological father, but she feels no connection to

him.  In past court proceedings, courts have adopted Dr. Eaton's recommendations that father and A.M. have limited written contact and no direct contact based on Dr. Eaton's opinion that A.M. would regress and suffer emotional harm from direct contact with father.  Dr. Eaton also testified that, after A.M. learned that her father opposed the adoption, she became "very frightened" and believed that father would "steal her."  Dr. Eaton stated that there is "no relationship" between father and A.M. and A.M. views father as a "threat."  However, A.M. has a stable and secure home residing with her mother and Xavier Jara.  In addition, Dr. Eaton testified that Xavier Jara has "quelled her fears," nurtured her, and acted as a father to A.M.

Accordingly, we summarily affirm the decision of the trial court.

<u>Affirmed.</u>