COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


DAVID PAUL JONES

                                                          MEMORANDUM OPINION[*]
v.        Record No. 1418-09-3                                 PER CURIAM
                                                          DECEMBER 15, 2009
WILLIAM C. BENNETT AND
  ANDREA BENNETT


               FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                            Charles J. Strauss, Judge

            (Gregory T. Casker, on brief), for appellant.

            (William C. Bennett, Jr.; Andrea B. Bennett, *pro se*, on brief).


        David Paul Jones (father) appeals the trial court's ruling to grant the petition for adoption

filed by William C. Bennett and Andrea Bennett (the grandparents). Father argues that (1) the trial

court judge erred by failing to recuse himself; (2) Code § 63.2-1242.3 does not eliminate the

requirement for parental consent in adoption proceedings; (3) the trial court erred in finding that

father demonstrated a lack of desire to be involved in his son's life; (4) the trial court erred in

finding that father's desire for his son to keep his name was not a valid reason to withhold consent

for adoption; (5) the trial court erred in granting the adoption where there was no evidence that the

ongoing relationship would be detrimental to the child's well-being; (6) the trial court erred in

considering the financial status of the grandparents in granting the adoption petition; (7) the trial

court erred by not allowing father sufficient opportunity to present his rebuttal testimony; and

(8) the trial court erred in finding that the best interests of the child would be served by granting the

adoption petition. Upon reviewing the record and briefs of the parties, we conclude that this

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

The child was born on April 27, 2001. Father and the child's mother were never married. On April 22, 2002, the Pittsylvania County Department of Social Services (the Department) became involved with the family because of the parents' drug use. On June 27, 2002, the Pittsylvania County Juvenile and Domestic Relations District Court (the JDR court) entered an emergency removal order, and gave physical custody of the child to the grandparents. Legal custody was transferred to the grandparents on September 9, 2002. Father visited sporadically with the child because he lacked transportation.

On January 26, 2006, the JDR court awarded father supervised visitation. Father visited with the child only three times before his incarceration on April 10, 2006.[1] His anticipated release date is June 6, 2018.[2]

On November 20, 2008, the grandparents filed a petition for adoption. The mother consented to the adoption, but father did not. On April 23, 2009, the trial court held a hearing and granted the grandparents' petition for adoption. Father timely noted his appeal.

ANALYSIS

Issue 1 – Rule 5A:8

Father argues that the trial judge erred in failing to recuse himself. However, father did not file a transcript or statement of facts for the hearing on father's motion to recuse.

---

[1] Father admitted that he has been convicted of approximately thirty bad check charges and attempted bank robbery.

[2] The child will be seventeen years old when father is released from prison.

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (*en banc*). We conclude that a transcript or written statement of facts is indispensable to a determination of the question presented on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). Therefore, we are unable to address this issue.

## Issues 2 and 3 – Rule 5A:20

Father argues that Code § 63.2-1242.3 does not eliminate the requirement for parental consent in adoption proceedings. Father also contends the trial court erred in finding that he lacked a desire to be involved in the child's life to the extent that adoption was justified without his consent.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Father did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law or citation to legal authorities to fully develop his arguments.

Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

We find that father's failure to comply with Rule 5A:20(e) is significant, so we will not consider questions presented 2 and 3.  See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

### Issues 4, 6, and 7 - Rule 5A:18

Father contends the trial court erred in finding father's desire for his child to keep his family name was not a valid reason to withhold consent for adoption and in considering the financial status of the grandparents in granting the adoption petition.  Father also argues that the trial court erred by not allowing him ample opportunity to give rebuttal testimony.

Father did not present these arguments to the trial court.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).  There was no miscarriage of justice in this case, and the ends of justice exception does not apply.

Accordingly, we will not consider father's questions presented 4, 6, and 7.

### Issue 5 – Detrimental to the child's well-being

Father argues that the trial court erred in granting the adoption where there was no evidence that the on-going relationship between him and the child would be detrimental to the child's well-being.

> Previously under Virginia law, Code § 63.2-1205, and its predecessors, required that the court apply the detriment-to-the child standard in an adoption proceeding where a birth parent's consent to the adoption was being withheld . . . .  See Gooch v. Harris, 52 Va. App. 157, 160-61, 662 S.E.2d 95, 96-97 (2008); Hickman v. Futty, 25 Va. App. 420, 426, 489 S.E.2d 232, 235

- 4 -

(1997). Even that requirement, however, is no longer applicable, with the amendment of Code § 63.2-1205 in 2006. Gooch, 52 Va. App. at 161, 662 S.E.2d at 97.

T.S.G. v. B.A.S., 52 Va. App. 583, 597, 665 S.E.2d 854, 861 (2008).

Therefore, the trial court did not err when it did not consider whether continuation of father's relationship would be detrimental to the child.

Issue 8 – Best interests of the child

Father argues that the trial court erred in finding that the best interests of the child would be served by granting the adoption petition.

"When addressing matters concerning a child . . . the paramount consideration of a trial court is the child's best interests." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, or is unobtainable, the circuit court . . . shall consider whether granting the petition pending before it would be in the best interest of the child. The circuit court . . . shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

Code § 63.2-1205.

Here, father had little involvement in the child's life. The grandparents have had custody of the child since the child was one year old. Father visited sporadically when he was not incarcerated. In 2006, he was awarded supervised visitation, but he missed approximately ten visits before his most recent incarceration. Since father's incarceration, his only contact with the child has been monthly phone calls, some letters, and three visitations in the prison. As the trial court noted, father "has never been a father to this child and has never been able to be a father to this child."

"'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)).

Father has made no efforts to obtain custody of the child or to assert his parental rights over the child. He is currently unable to assume custody of the child due to his incarceration, and his release date is not until the child is seventeen years old.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The parties agreed that the child was doing well in the grandparents' care. The trial court did not err in finding that the adoption was in the child's best interests.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.